DANIEL DEWEY, Junior, Appellant,

*against*

JACOB BRADBURY and FRANCIS SHALLIS,

Appellees.

</div>

**DEBT** on two judgments.

The plaintiff declared in debt upon a judgment rendered in his favour against the defendants by the consideration of *William Perry*, Esquire, since deceased, on the fourth *Wednesday* of *June*, 1800, for

When a creditor has taken out a writ of execution upon a judgment against two, one of whom has been committed to prison, admitted to the liberties, and escaped, and the bail-bond has been assigned by the sheriff, and *received* by the creditor, he cannot maintain debt on such judgment against both.

Dewey
v.
Bradbury and
Shallis.

the sum of 33 dols. 94 cts. damages, and 4 dols. 2 cts. costs of suit; which judgment he alleged to be in full force, and in no part satisfied.

The defendants pleaded in bar, confessing the judgment so to have been rendered, but that afterwards, to wit, on the 24th day of *June*, 1800, the plaintiff purchased out his writ of execution against them in due form of law to levy the several sums contained in the judgment with additional costs of the writ. That on the first day of *July* following, he delivered the same writ of execution to *Rice*, sheriff of *Windsor* County, to serve and return according to law. That on the 14th day of the same month, the writ of execution being in full force and life, the sheriff levied it by arresting the body of the defendant *Bradbury*, and committing him to the County gaol in *Woodstock*. That the sheriff, as chief keeper of the prison, on the 17th of the same *July*, admitted *Bradbury* to the liberties of the prison; and on that occasion, and as security to indemnify the sheriff against any escape the prisoner might make, the defendant *Bradbury*, with *Solomon Strong* and *Jedediah Strong*, made and executed to the sheriff, his heirs, executors, administrators, or *assigns*, a certain writing obligatory commonly called a gaol-bond, in the penal sum of 100 dollars, conditioned, that if the said *Bradbury*, then a prisoner in the gaol aforesaid, by virtue of the writ of execution aforesaid, for the sums therein contained, and also for the further sum of 1 dol. 44 cts. officers' fees for said commitment, should faithfully and absolutely remain within the liberties of said prison, and not depart therefrom until he should be lawfully discharged, without committing any escape, or doing any act by which the said

sheriff as aforesaid should be damnified in consequence of his admitting the said *Bradbury* to the liberties of the said prison, but should at all times indemnify and save harmless the said sheriff in the premises, then the bond to be void, otherwise, &c. That the defendant *Bradbury* escaped, and that the bond on request of the plaintiff, was assigned to him by the sheriff in due form of law. That the plaintiff received the bond, and is entitled by law to all the benefits of the same. And this they are ready to verify, and thereof pray judgment, that the plaintiff from having and maintaining his action may be barred.

To this plea plaintiff demurred, and joinder.

There was a second count in the declaration in debt upon another judgment rendered the same day by the same Justice of the Peace in favour of the plaintiff against the defendants, for damages and costs to the same amount, which was also alleged to be in full force, and in no part paid or satisfied. A like plea in bar, offering to verify similar facts *mutatis mutandis*, was pleaded by the defendants to this count likewise; and demurrer with joinder.

The demurrer was argued at this time. The question litigated is, whether, when a creditor has taken out a writ of execution upon a judgment against two, one of whom has been committed upon it to prison, admitted to the liberties, and escaped, and the bail-bond has been assigned by the sheriff and received by the creditor, he can maintain debt on such judgment against both.

It was insisted by the demurrant, that the action could be well maintained. His counsel cited 3 *Com. Dig.* p. 647. where it is laid down, " that after an

escape the plaintiff may have debt or a *scire facias* against defendant upon the former judgment;" and so held 1 *Morgan's Essays*, p. 23. and the reason given is, that it would be hard to oblige the creditor to rely solely upon the sheriff, who may be insolvent.

In support of the plea in bar it was said, That the *dictum* in the *English* books could not apply. That the system of imprisonment for debt in *England* is different from ours, and therefore the decision of their Courts could reflect no light upon the subject. That even there the right of the creditor to maintain an action upon a judgment after a commitment and escape, had been long disputed in the Common Law Courts, and never settled; which occasioned the statute 8 and 9 *William* III.

But if the positions cited are correct, they are not applicable to the case in question. The case here is, that the bail-bond has been assigned and received by the plaintiff; so that, if he had on escape an election to sue for the escape or resort to debt on the former judgment, he has made this election by receiving the bail-bond as assignee of the sheriff.

*Curia.* The question to be considered has been already stated. It must be resolved by a correct construction of the several statutes which form our system, made to compel the payment of debts.

Upon a judgment debt the creditor may take out his writ of execution against his debtor or debtors. This writ combines the *English* writs of *capias ad satisfaciendum, fieri facias, de bonis,* and *elegit,* with

a further power respecting the levy upon real estate, unknown to the *English* law.

The creditor has a right to elect which power he will put in effect to collect his debt. If he directs the officer to put in force the *capias ad satisfaciendum*, and the debtor is arrested and committed to prison, all the other powers in the writ cease. He cannot then levy on the personal or real estate of the debtor. He has resorted to the highest compulsory process the law allows; even the depriving his debtor of his personal liberty.* The law then considers the debtor to be kept *in areta et salva custodia.* The debtor is to be kept in close confinement until he pays the debt, or is discharged according to law. If he goes beyond the prison walls, either with the creditor's consent, or by escape, either voluntary or negligent in the sheriff, the judgment in the first instance is satisfied in contemplation of law, the creditor having abandoned the means allowed him by the law for collecting his debt; which the law presumes he would

---

* In *November*, A. D. 1803, the Legislature enacted, that when any creditor, by virtue of an execution *as aforesaid*, (vid. the act,) shall cause the body of any debtor to be committed to gaol, or in case any debtor who has been committed to gaol shall continue in gaol for the space of three months, the creditor shall have full power to discharge the debtor from prison, and thereupon take out an *alias* execution, which *alias* execution any of the Courts in this State are hereby authorized to issue, and levy the same on the property of such debtor, but shall not again imprison the body of such debtor for the same debt. Sect. 3. of an act in alteration of and to amend an act, entitled, an act relating to gaols and gaolers, and for the relief of persons imprisoned therein, passed the 9th day of *March*, A. D. 1797. *Vermont* Stat. c. xxviii. No. 8. vol. I. p. 300.

not have done without satisfaction. In the latter case the creditor is to look for the payment of his debt to the sheriff, to be recovered in an action for the escape against him who, as a guard against his *insolvency*, is under bonds with sufficient sureties to secure the creditor against eventual loss. But as the policy of depriving a person of liberty to enforce the payment of debts, has been of late much questioned, (for of the inhumanity of it there can be but little doubt,) the Legislature, without abandoning this ancient practice, have humanely ameliorated the confinement by suffering the imprisoned debtor to inhale a purer air without the walls, but still within the precincts, or what are called the liberties of the prison; and as a security to the sheriff, who is still considered the prisoner's keeper, that this indulgence of the law should not be abused, and the sheriff injured by any escape, and at the same time to carry into effect the original intent of the *capias ad satisfaciendum*, the prisoner on this occasion must execute a bond with sufficient sureties to indemnify the sheriff against his escape. If an escape happens, an action lies by the creditor against the sheriff; but the right to bring this action is suspended until the creditor shall have applied for the assignment of such bond, and until, by process against the obligors, it shall appear that they are unable to satisfy the judgment recovered against them. If it is thus found that they are not able, the action may be maintained against the sheriff. In all cases of commitment upon the *capias ad satisfaciendum*, and escape, the creditor is to look immediately or eventually to the sheriff; and in no such case is debt on the original judgment to be resorted to.

3

But if a question might be made, whether the creditor might not, on escape from the liberties, maintain debt on his former judgment, if he had immediately elected to seek his remedy on that rather than upon the bail-bond, as sheriff's assignee, yet, if he had elected to become the sheriff's assignee, and received the bond into his custody, certainly he could not then resort to debt on his former judgment; for this would be to deprive the sheriff of his right to prosecute such bond, without any advantage to the creditor.

Regularly, debt cannot be maintained on a judgment, unless a return of the writ of execution is shown by which it shall appear that the execution has not been satisfied in whole or in part, or it is made evident by the record that no such writ ever issued.

A correct declaration in debt on judgment always alleges, that the judgment is not satisfied. This is so essential, that if omitted the declaration would be ruled insufficient on demurrer. When the execution has issued, the creditor is authorized by law, with the aid of the proper officers of government, to collect his judgment debt, and the issuing of such execution is made part of the record. If the creditor will not produce it when in his power, it will be presumed that it is satisfied; but when produced, if it appears that the debtor has been imprisoned upon it, this will be considered a sufficient satisfaction of the judgment to bar a recovery upon the former judgment. The creditor must then look to the sheriff as keeper of the prison, to whom the debtor may have paid the contents of the execution; or in case of escape from close prison, to whom he may apply for

Regularly, debt cannot be maintained on a judgment, unless a return on the writ of execution is shown, by which it shall appear that the execution has not been satisfied in whole or in part, or it is made evident by the record that no such writ ever issued.

A correct declaration in debt on judgment always alleges that the judgment is not satisfied. This is so essential that if omitted the declaration would be ruled insufficient on demurrer.

Dewey
v.
Bradbury and
Shallis.

satisfaction to the amount of his execution and costs; or in case of escape on bail for the liberties, for the assignment of the bail-bond ; and this failing on process to compensate him in the dernier resort to the sheriff himself.

Let judgment be therefore entered for the defendants.

Judgment for the defendants.

*Titus Hutchinson* and *Nathaniel Chipman,* for plaintiff.

*Charles Marsh* and *Nicholas Baylies,* for defendants.