RUTLAND,
February,
1836. CYRUS ADAMS *vs.* THEODORE NEWELL, HORACE CLARK, Trustee.

The money of a pensioner, in the hands of his agent, or attorney, appointed to receive his pension from the disbursing agent, and received on that account, is not liable to a trustee process.

This was a factorizing or trustee process, brought against Clark as trustee of Newell.

Clark stated in his disclosure, that he had in his hands, at the time of the process being served, the sum of forty dollars, which he had received of the agent for paying pensions in this state, as the amount due to Newell, who was a pensioner of the United States ; which sum he received as the special attorney of Newell for that purpose, and which had not been paid over.

The county court held, that the pension money, thus situated, was not liable to attachment by this process, and adjudged that Clark was not trustee.

To this decision the plaintiff excepted.

After argument by *O. Clark* for plaintiff, and *Ormsbee* for defendant, the opinion of the court was delivered by,

PHELPS, J.—There may be some doubt, how far a pension may be followed, to the purpose of protecting it from the process of creditors, under the act of Congress. Whether that act would protect it after it is reduced to possession by the pensioner, is a question which we are not called upon to decide. Certain it is, that it is protected so long as it retains the distinctive character of a pension. The money, in this case, came to the hands of Clarke, as the attorney of Newell for the purpose of receiving the pension from the disbursing officer of the government, and had not reached its destination. Whatever construction is given to the act, it seems necessary at all events, to protect the fund until it reaches the pensioner. Here it was in transitu, and of course within the protection of the act.

It was well argued, that the pension is a gratuity from the government, and intended for the support and comfort of the pensioner. This consideration shows the propriety of a liberal construction of the act, in carrying into effect the benovelent purpose of the government. Creditors have no equitable claim to the fund, but must rely, if they would seize it, upon strict legal right.

Any other construction than that which we give, would render the provision in question nugatory, and defeat its purpose. It is not supposed that the disbursing officer of the government can be summoned as trustee, independantly of this provision ; and if the special agent or attorney of the pensioner is subject to the process,

it is difficult to conceive a case where the provision applies. At the same time, such a decision would enable creditors to intercept the bounty of the government, and defeat the obvious purpose of the law. The judgment of the county court must be affirmed.

It was further suggested that Newell the principal debtor had deceased since the judgment below.

But, *By the court*—It is the common practice to affirm or reverse the judgment, *nunc pro tunc* in such case. Besides, an administrator may always defend or prosecute a pending writ of error.                                     Judgment affirmed.