## JOHN PECK v. TRUMAN BARNEY.

A written guaranty is, as against the signer, evidence of all the facts
therein recited.

When an execution has issued on a judgment, it will be presumed that
it has been paid, unless the execution be produced or its loss be shown or
the presumption otherwise be rebutted.

THIS was an action of assumpsit upon the following writ-
ten guaranty :

"Whereas, John Peck, of Burlington, in the county of
" Chittenden, holds the following claims against Horatio B.
" Barney, of Jerico, in said county, to wit: a note dated 13th
" May, 1830, for forty three dollars and thirty two cents, pay-
" able to said Peck or order on demand, with interest ; ano-
" ther note, dated 24th June, 1831, for twenty six dollars and
" two cents, payable to said Peck or order, on demand and
" interest ; also, a judgment founded on another note, dat-
" ed 2d September, 1829, for sixty dollars and thirteen cents,
" signed by said Horatio: Now, in consideration that the said

" Peck will stay the execution that issued on the said judgment, " now in the officer's hands, I Truman Barney, of said Jeri- " cho, do agree (if said claims are not paid or secured by said " Horatio, within six months from this date,) to secure or pay " the same either on the carding or clothing works situated " near Truman Galusha's, in said Jericho, or out of demands " in the hands of Charles Adams, Esq., placed there by said " Truman to apply on notes that said Peck holds against " said Truman.

" The said claims are to be secured in one of the above " methods amply and sufficiently.

"Dated at Burlington, this 2d day of July, 1831.
　　" Signed,　　　　　·　TRUMAN BARNEY."

The plaintiff, in his declaration, averred, that, in considera- tion of the defendant's promise, contained in said guaranty, the plaintiff stayed the execution mentioned in said guaranty, and that said notes and judgment had not been paid nor se- cured by the said Horatio, and that the defendant had neg- lected and refused to secure or pay said notes and judg- ment, &c.

Plea, non-assumpsit. Issue to the court.

Upon the trial in the county court, the plaintiff, to prove the isue on his part, offered in evidence the guaranty above set forth and the two notes specified therein. The execution of the guaranty was admitted by the defendant.

The plaintiff also offered evidence tending to prove that he had stayed the execution, mentioned in said guaranty, in pursuance of the agreement of the parties, and rested his case.

The defendant insisted that the evidence thus introduced was insufficient to entitle plaintiff to recover. But the court decided that it was sufficient and rendered a judgment for the plaintiff to recover against the defendant the several sums specified in said guaranty and interest thereon, to which de- cision and judgment of said court the defendant excepted.

Maeck & Smalley, for defendants.

We insist that, without the production of the judgment or execution described in the guaranty, the plaintiff's damages should have been for the two notes only.

The undertaking of the present defendant was as guar- antor for H. B. Barney. He only promised to pay on default

of H. B. Barney to pay or secure the demands in six months from that date. The defendant's liability depends upon a contingency—the declaration must be special, and allege that H B. Barney has not paid nor secured the debts. 2 Camp. N. P. C. 215.

The plaintiff has so alleged these matters in his declaration; can he, then, dispense with the proof of them ? If, instead of suing the guarantor, he had sued the principal, he would have been required to produce his judgment and execution ; and is he entitled to recover on less evidence of the existence of the debt, against the surety, than against the principal ?

When he produces the execution he then offers *prima facie* evidence of the existence of the debt, and puts the defendant on proof, but, without proving the debt still existing, the fair presumption is that it is paid.

*C. D. Kasson* for plaintiff.

The questions presented in this case are questions of evidence, merely, and may be resolved into two, viz :

I.   The rule of construction applicable to guaranties. This is liberal, and to be taken most strongly against the guarantor.

Hence, it will be presumed that judgment was rendered for the whole amount of the note if rendered at all: Fell on Guar. 129.   *Mason* v. *Pritchard*, 12 East's R. 227.   2 Camp. 436.

II.   The remaining and most important question is as to the effect of the instrument as an *admission* of the party, or whether the plaintiff was bound to produce the record of the judgment to entitle him to recover on that part of the claim ? We say he was not.

It is well settled that a *recital* in a deed *estops* the party from denying the truth of the matter recited.   9 Cowen's R. 86, 120.   Cro. Eliz. 756.   2 Stark. 30, 33.

It is equally well settled that a *recital* in a receipt or other writing, not under seal, is *prima facie* evidence of the truth of the recital as *against the party making it*.

The effect of the ground assumed by the defendant, is, to *deny* what he has admitted under his own hand, viz : that there is a *judgment*.   And then to put the plaintiff on the proof of it.   But this he cannot do without first destroying

the *prima facie* character of the writing by counter testimo-
ny. And, by the rule of construction above laid down, the
court will presume the judgment was rendered for the
amount of the note.

If it were not, he may produce the judgment and show it
off, it being equally in the power of *both parties*.

Any other doctrine would, in case the record were lost, (as
is the case here, in fact,) wholly defeat the plaintiff's claim.
*Sherman* v. *Crosby*, 11 Johns. R. 70. *Ransom* v. *Adams*,
17 Johns. R. 130. *Day & Penfield* v. *Leal & Leal*, 14
Johns. R. 404. *Burnap* v. *Patridge*, 3 Vt. R. 144, and
cases there cited.

If we are correct in these positions, it follows that the
question results, finally, into one of mere damages, and they
being assed at the lowest point at which they can be presum-
ed from the instrument, it lies not with the defendant to ex-
cept. *Bebee* v. *Steele*, 2 Vt. R. 314.

The opinion of the court was delivered by

COLLAMER, J.—The guaranty executed by the defendant
was, as against him, evidence of all the facts therein stated.
It showed that the plaintiff, at the date of the guaranty had
two notes against Horatio, and also a judgment, on which
execution had issued, which was then in the officer's hands.
In an action on the guaranty, these facts required no further
proof. But the writing did not tend to show that the notes or
execution remained unpaid at the commencement of this ac-
tion. Had not the plaintiff produced the notes, it would
have been presumed they had been paid by the signer, Ho-
ratio. To rebut such a presumption the notes were pro-
duced. The same rule applies to the execution which had been
issued. It will be presumed to have been paid by the debtor un-
less the execution be produced or its loss shown, or the presump-
tion of payment be otherwise rebutted. This rule of law was
not regarded in the judgment which was rendered and there-
fore it was erroneous. This decision renders it unnecessary
now to consider how far the plaintiff must show the defend-
ant had notice that the guaranty was accepted, or notice af-
terwards that Horatio had not paid, or that *security* had been
required of defendant agreeably to the guaranty.

. Judgment reversed.