Hon. PIERPOINT ISHAM, ⎱ Assistant Judges.
Hon. MILO L. BENNETT, ⎰

---

Moses Somers & Jacob Sulham *by Guardian v.* Hanson Rogers.

*Infancy.   Judgment.   Writ of Error.*

It is error for an infant defendant to appear and defend by attorney, and if he so appears, and judgment is rendered against him, he may reverse the same, by writ of error.

And if several defendants, one being an infant, appear by attorney, it is error, and on error brought, all should join, and the whole judgment will be reversed, both as to the adults and the infant.

Writ of Error. The assignment of errors in the writ were as follows:

XXVI        38

Somers et al. *v.* Rogers.

"And now the said Jacob Sulham, by his Guardian, Calvin Sulham, and the said Moses Somers, in fact say, that in proceeding to, and rendering judgment on said verdict, manifest *error* hath intervened, in this, *to wit*, that the said Jacob Sulham at the time of the trial of said issue, before said court, was under the age of twenty-one years, and incapable of appearing by himself or attorney in the defense of said issue before said court; and said court by the laws of the land, ought to have appointed the said Jacob Sulham, a Guardian to defend him in said suit, and on the trial of said issue; when in fact the said court did not appoint a Guardian for the purpose aforesaid; but suffered and permitted the said Jacob to appear by attorney, appointed by the said Jacob during his said minority, and at the trial of said issue, as appears of record. Therefore," &c.

To this writ and assignment of errors there was a demurrer and rejoinder.

*B. N. Davis* for plaintiffs in error.

1. Writ of error is the appropriate remedy for an infant to reverse a judgment, when the infant has appeared by attorney. *Chase by Guardian* v. *Scott*, 14 Vt. 77. *Castlemain* v. *Mundy*, 24 E. C. L. 30. 4 B. & Adol. 90, cited in the above case by the court. *Barber* v. *Graves*, 18 Vt. 290. 1 Swift's Digest 790.

2. An act which an infant is under a legal incapacity to perform is the appointment of an attorney. 1 Amer. Lead. Cas. 250–1, and cases there cited. 1 Swift's Digest 790.

3. All parties, whether plaintiffs or defendants in the original suit, must be joined in a writ of error. *Shirley* v. *Lunenburg*, 11 Mass. 379. 6 S. & R. 315. *Whitman* v. *Delano*, 6 N. H. 543. 8 Johns. 58. 2 Bibb. 392.

*S. B. Colby* for defendant in error.

1. Writ of error will not lie until a case is ended by final judgment, and this case stood on exceptions, at the time this writ was brought.

2. The court will on plaintiff's motion correct the judgment and only render judgment against one defendant.

The court never appoint a Guardian to prosecute, but only to defend an infant party. *Priest et al.* v. *Hamilton*, 2 Tyler 44.

In the writ of error it is distinctly shown that the infant had a Guardian.

" That the Guardian of an infant in an action of trespass was not notified is no ground of abatement." *Potter* v. *Wright*, Brayt. 21.

Audita will not lie but only writ of error. *Chase* v. *Scott*, 14 Vt. 77.

" In *Ex. Contractu* if one avail himself of infancy, plaintiff may proceed to judgment against others, or *nol. pros.* infant and proceed against others." *Humphrey* v. *Douglass*, 10 Vt. 71. *Allen* v. *Butler et al.*, 9 Vt. 122. 1 Wash. Dig. 467–8.

" Where an infant brings a writ of error to reverse, a judgment against him, the court only vacate the judgment, but do not set aside the proceedings altogether, and on reversing the judgment are to render such a judgment as the court below should have rendered." *Barber* v. *Graves*, 18 Vt. 290 to 293.

Judgment not void but voidable, *same. Blackman* v. *Dow*, referred to by Ch. J. WILLIAMS, in the above case.

The opinion of the court was delivered by

REDFIELD, Ch. J. It is agreed, in all the books, that it is error for an infant defendant to appear and defend by attorney, and that for this cause he may reverse the judgment, by writ of error. *Foxwist* v. *Tremaine*, 2 Saunders 212, and note (4,) and the numerous cases there cited. And it seems equally well settled, by the authorities, that if several defendants, one being an infant, appear by attorney, it is error, and on error brought, all shall join and the whole judgment shall be reversed, both as to the adults, and the infant. The reason assigned is that the judgment is entire. See the cases cited by Mr. Williams, in his note to *Foxwist* v. *Tremaine*. Also *King* v. *Mortboro & Crackie*, the latter being an infant, Cro. Jac. 303, which seems to go the full extent, and so far as I can learn, has always been followed, in the English courts. *Corex* v. *Lowther*, 1 Ld. RAYMOND 597, 600. 2 Strange's R. 783. 10 Petersdorff's Ab. 583, and note. *Bird* v. *Prigg*, 5 B. & A. 418, seems virtually to recognize the same rule, although no such point is involved in the case. And the rule seems to have been followed in this country. *Cruikshank* v. *Gardner*, 2 Hill 333. *Sargent* v. *French*, 10 N. H. 444. Bing. on Infancy 125, and note by Bennett, the American Editor.

Judgment reversed, and case remanded.