TARBELL, JENNINGS & CO. *v.* SOLOMON DOWNER.

*Debt on judgment.*

An action of debt may be maintained on a judgment of the county court to which exceptions were taken and allowed without a stay of execution, which exceptions are still pending in the supreme court.

It is no defense to an action of debt on a judgment that an execution had issued upon it which was in full force and life at the commencement of the action, and that it was both before and after that time duly levied upon the defendant's property, it not appearing that the property was of sufficient amount or value to satisfy the debt.

DEBT on a judgment recovered in favor of the plaintiffs against the defendant at the May Term, 1854, of the Windsor county court.

The defendant plead that at the time of the rendition of said judgment the defendant took and was allowed his exceptions to the decision of the said county court on the rendition of said judgment, and the cause was thereby duly passed to, and was at the commencement of this suit, and then was pending in the supreme court in said county of Windsor, agreeably to the statute in such case made and provided and the practice and usage in this state; by reason of which the said judgment became and was vacated and annulled.

Also, that at the time of the rendition of said judgment the

defendant took and was allowed his exceptions to the decision of said county court in the rendition of said judgment, but that at the time of the allowance of said bill of exceptions by said county court, said court did not stay the issuing of execution on said judgment; and execution was thereafter duly issued on the same, and duly put into the hands of a legal officer for collection, which execution was in full life, effect and force at the time of the commencement of this suit, and the defendant's property was liable to be taken and levied upon thereon to satisfy the same, and the plaintiffs had, by their said officer so holding said execution and by virtue thereof, duly levied upon the defendant's property, both before and since the commencement of this suit, for the satisfying of said execution.

To each of these pleas the plaintiffs demurred, and the county court, May Term, 1856, adjudged the pleas insufficient, to which the defendant excepted.

*Washburn & Marsh* and *W. C. French*, for the defendant.

The demurrer admits that at the time the writ was issued there was in the hands of the sheriff an execution in due form previously issued upon the same judgment, which had been previously and was thereafter levied upon the property of the defendant. Upon these facts this action of debt cannot be sustained; *Dewey* v. *Bradbury*, 2 Tyl. 201; *Peck* v. *Barney*, 12 Vt. 72; *Ligon* v. *McNeil*, 6 Rich. 377, (14 U. S. Dig. 392, sec. 195).

The right to sustain debt upon a judgment within a year and a day after its rendition is concurrent with the right to issue execution. And when an execution has once been issued a second execution cannot be taken out until the first execution has been returned; 2 Tidd. 1019. And if such fact existed it should have been replied; *Kinsman* v. *Page*, 22 Vt. 631.

*O. P. Chandler*, for the plaintiffs.

The opinion of the court was delivered by

ISHAM, J. The question under the first plea in bar arises, whether an action of debt can be sustained on a judgment of the county court after the allowance of exceptions, and while those

Tarbell et als. *v*. Downer.

exceptions are pending in the supreme court. The statute, 225, secs. 43, 48, provides that on the allowance of exceptions, whether execution is stayed or not, the case with its original files and papers shall pass to the supreme court for decision *on all questions of law* arising upon the trial of any issue of fact by the court or jury. It has never been considered that the judgment of the county court was vacated by the allowance of exceptions. It still remains a final and valid judgment in that court until reversed or affirmed in the supreme court. The allowance of exceptions simply enables the supreme court, sitting as a court of errors, to revise the decisions of the county court on questions of law. The case is passed to the supreme court for no other purpose. In this state exceptions are regarded as being in the nature of a writ of error, and have the same effect on the judgment on which they are allowed. In Bac. Abg. tit. Error 479, it is said: "It seems clearly agreed that an action of debt may be brought upon a judgment, notwithstanding a writ of error brought in the exchequer chamber; *for though such a writ of error be a super- sedeas to the execution*, yet the duty remains upon record, and it is but reasonable the party should have this remedy for his damages for forbearance." The order for the stay of execution on the allowance of exceptions is the same as a *supersedeas* on a writ of error; it merely affects the execution, and not the judgment. The provision of the statute authorizing the allowance of exceptions, but providing *that execution shall not of course be stayed*, contemplates the case that without a special order for that purpose the party may enforce his judgment by the usual remedies given by law; and if he may take out execution while exceptions are pending in the supreme court, it would seem to follow necessarily that an action of debt can be sustained. The facts set forth in this plea in bar we think constitute no defense to this action.

In the second plea in bar it is averred, and admitted by the demurrer, that on the allowance of exceptions in this case no order for the stay of execution was made. It is also averred that an execution on that judgment was issued and placed in the hands of a legal officer for collection, and that the execution was levied

upon the defendant's property both before and after the commencement of this suit. But it is not averred that the levy of the execution was upon property, either real or personal, sufficient to satisfy the amount of the judgment. The mere fact that a judgment has been rendered, and that the party may take out his execution on that judgment at any time, will not bar an action of debt on that judgment. It was so held in the case of *Clark* v. *Goodwin*, 14 Mass. 237, in which the court observed that " An action of debt may be maintained on a judgment though execution might issue thereon ; " and such have been the decisions in this state. Neither will the fact that the execution has been placed in the hands of the officer affect the right of the plaintiff to sustain this action, provided no act has been done which operates as a satisfaction of the judgment. If the person has been arrested and committed it has been held that no action on the judgment can be sustained ; 2 Tyler 201. In some cases a presumption of payment or satisfaction of the execution will arise, if it has been issued and is not returned, *or the presumption is not otherwise rebutted ;* 12 Vt. 72. But no such presumption can arise upon the facts admitted by this demurrer. The demurrer to the plea admits the levy of the execution on property, but as it is not averred that the property is sufficient to satisfy the execution, no satisfaction is admitted or claimed in the case. The levy will operate as payment to the extent that it produces satisfaction, and it constitutes a defense only to that extent ; but it is not a bar to the action. The special pleas in bar are therefore adjudged insufficient.

Judgment affirmed.