## AARON H. SMITH v. NATHAN J. PIKE.

*General Statute, § 23, p. 88. Damages. Interest.*

The fifteen per cent. interest given by section 23, page 88 of the general statutes, against sheriffs, is given to enhance the liability of the sheriff for the wrongful act of not paying over money collected on execution, as an element of damage to be recovered by action, and not as a rate of interest for the forbearance of money.

The statute relating to the passing of causes from the county to the supreme court, gives interest in cases where execution is stayed, and the judgment is affirmed, not as damages recoverable in the action, but by way of compensation to the judgment creditor for the forbearance of money, and at the ordinary rate of interest.

ACTION on the case against the defendant, as sheriff of Caledonia county, for the default of his deputy, C. F. Weeks. Plea, general issue. Trial by the court, December term, 1869, STEELE, J., presiding.

The plaintiff, on the 19th day of October, 1868, sued out a writ of attachment against the property of one Horace Hazelton, and put it in the hands of said Weeks to serve, who, by direction of the plaintiff, served it by attaching the same property which had been taken, on the 25th day of August, on a writ in favor of Borland against said Hazelton, and on the 24th of September, 1868, on a writ in favor of the Caledonia National Bank against said defendant, Hazelton, and also before October 19, 1868, on a writ *John Sias* v. said *Hazelton*. The three attaching creditors subsequent to Borland, viz., the said bank, the said Sias, and this plaintiff, claimed to participate in the avails of the property attached, as provided by the statute of 1867, entitled " an act for the more equal distribution among creditors of property attached on *mesne* process." The suit in favor of Sias was returnable before a justice. Final judgment was rendered in it October 26, 1868. The other suits, in favor of Borland, the bank, and the plaintiff Smith, were all returnable to the county court, and all terminated in judgments for the plaintiff, at the December term of the Caledonia county court, 1868. That term of court was adjourned *sine die*, December 19, 1868. The property attached sold for $424.72 above officer's fees, so that said sum remained to be divided among the creditors entitled to participate.

The said Borland took out execution and placed it in the hands of said Weeks, January 2, 1869. The said bank did the same the same day, and the said Sias on the 27th day of January, 1869. The plaintiff Smith did not place his execution in the hands of the officer until February 5, 1869, nor did he demand his share of the funds from the officer until that day. The officer distributed the entire avails of the property, February 8, 1869, to the creditors, Borland, the bank, and Sias, and returned the plaintiff's execution unsatisfied. No question was made of the plaintiff's right to participate, and consequent right to a judgment for some amount in this case, except upon the ground that he failed to place his execution in the officer's hands, or to demand his share of the avails, in season. The court, holding that no demand or issue of execution was necessary in order to entitle the plaintiff to participate under the statute, overruled this point of defence, to which the defendant excepted.

The plaintiff claimed that neither Sias nor the Caledonia bank were entitled to participate, by reason of not having complied with the terms of the statute. The court decided that Sias was not entitled to participate, but that the bank was, to which both parties excepted.

The exceptions taken were allowed, the execution stayed, and cause passed to the supreme court, by which the judgment of the county court was in all things affirmed. After affirmance of said judgment, the parties had a hearing before the clerk of said court upon the assessment of damages, and on said hearing the plaintiff claimed interest at the rate of fifteen per cent. per annum, but the clerk decided that he was entitled to interest at the rate of six per cent., and no more, on the judgment of the county court, and assessed damages accordingly; to which decision the plaintiff excepts, and the question of law so decided by the clerk is submitted to the court for decision.

*Thomas Bartlett*, for the plaintiff.

*Bliss N. Davis*, for the defendant.

The opinion of the court was delivered by

WHEELER, J.   The fifteen per cent. interest given by § 23, page 88 of the General Statutes, against sheriffs is given to enhance the liability of the sheriff for the wrongful act of not paying over money collected on execution, as an element of damage to be re-covered by action, and not as a rate of interest for the forbearance of money.   The damages in this action were fixed by the judg-ment of the county court, and all claims for damages up to the time of the judgment upon all the elements of damages in the case were merged in the judgment.

The statute in relation to the passing of causes from the county to the supreme court, gives interest, in cases where execution is stayed and the judgment is affirmed, from the time of the stay of execution to the time of the affirmance, not as damages recover-able in the action, but by way of compensation to the judgment creditor for the forbearance of the money during the time of the pendency of the exceptions.   The rate of interest in these cases is the ordinary rate established by law for the forbearance of money.

Execution to issue accordingly.