## *O. L. SNOW v. DANIEL AND DANIEL C. CARPENTER.

*Death of Party while Cause is pending in the Supreme Court on Exceptions does not abate the Suit.*

1. Exceptions are of the nature of a writ of error; hence, when a judgment has been rendered by the County Court on a verdict, and while the cause is pending in the Supreme Court, but after a hearing there, one of the defendants dies, and a minute of his death is made on the record, and afterwards the judgment below is affirmed, not *nunc pro tunc*, but generally as of the time of its rendition, such judgment is not void, and should be given full force until reversed.
2. In such case the plaintiff has a legal claim against the estate of the deceased, and it should be allowed by the commissioners. If the judgment of the Supreme Court were void, that of the County Court would be valid. Execution might issue, or an action of debt be maintained upon it unless stayed by special order.
3. A judgment rendered by the County Court is a " final judgment," and hence not affected by section 19, c. 52, G. S. (R. L. s. 2141,) whereby, if one co-defendant dies the action proceeds against the others.
4. When one of the parties dies after judgment in the County Court and before hearing in the Supreme Court, the practice is to affirm or reverse such judgment, *nunc pro tunc.*

* Heard at the February Term, 1881.

5. G. S. c. 52, s. 19 (R. L. s. 2141);—one co-defendant dies; G. S. c. 53, s. 16 (R L. s. 2130),—as to discontinuance of action on death of party, &c.; and G. S. c. 30, s. 59 (R. L. s. 1393), as to affirming judgment of the County Court by the Supreme Court—construed.

THIS case was heard at the December Term, 1880, VEAZEY, J., presiding. The court, *pro forma*, rendered judgment, affirming that of the Probate Court. The case appears in the opinion.

*H. W. Brigham* and *Davenport & Eddy*, for plaintiff.

Judgments in the County Courts are conclusive upon the parties and privies until reversed or annulled. Before the Supreme Court will take jurisdiction, and hear exceptions, there must be a final judgment, or ending of the case in the court below.

In our practice, cases passing to the Supreme Court, on exceptions, stand in the same way as if taken there by writ of error. *Penniman* v. *Patchin*, 5 Vt. 346 ; *Irish* v. *Clayes*, 8 Vt. 30 ; *Blodgett* v. *Adams*, 24 Vt. 23 ; *Pomfret* v. *Barnard*, 44 Vt. 527.

When a case passes to the Supreme Court on exceptions, or writ of error, the judgment is not vacated. If upon hearing error is found, the judgment is reversed or corrected. If no error is found, or if the exceptions are abandoned, the judgment stands in its original vigor. *Walker* v. *King*, 2 Aik. 204 ; *Sweet* v. *Sherman*, 21 Vt. 23 ; *Tarbell* v. *Downer*, 29 Vt. 339 ; *Lewis* v. *R. R. Co.*, 59 Missouri, 495 ; 21 Am. R. 385 ; Bacon Ab. Titles, Error, 479 ; *Kimbrough* v. *Mitchell*, 1 Head, 539 ; *Thompson* v. *Kercheovl*, 10 Hump. 322 ; *Furber* v. *Carter*, 2 Sneed 1.

*T. Sibley*, for the defendants.

The defendants claim that there is a fatal variance between the judgment declared upon, and the copies of record which are introduced to prove the same.

The declaration sets up two distinct judgments upon one and the same cause of action, is double, defective, and should be dismissed. A general demurrer would be sustained upon the above grounds alone.

But if the court should hold that the cause of action survived, the question then arises, in what way should the claim be presented

before the commissioners, and how should it be proved ? The case finds that the death of the defendant was suggested and duly entered upon the docket ; that administration had been granted and commissioners had been duly appointed upon defendant's estate before the rendition of judgment by the Supreme Court. If the court had such jurisdiction over the case that they could render a judgment against a dead person, they certainly had no jurisdiction over the case so far as Daniel Carpenter was concerned, to render a valid judgment against him after the appointment of such administrator and commissioners. This by the statute discontinued the cause ; the jurisdiction of the Supreme Court was ousted thereby and the judgment was void. Gen. Sts. c. 53. s. 16 ; *Miller* v. *Williams*, Tr., 30 Vt. 386.

This was the judgment claimed by the claimant before the commissioners, and by them disallowed, and the only judgment presented or claimed, as appears from the copies of appeal in this case.

It will not be contended that during the life of Daniel Carpenter, the claimant could have maintained an action of debt or *scire facias* upon said judgment, or taken out execution to enforce collection of the same. If not, what claim, if any, would she have against his estate at the time of his decease, upon such judgment ? G. S. c. 52, s. 13 ; *Sheldon* v. *Sheldon & Tr.*, 37 Vt. 152 ; *White River Bank* v. *Downs & Tr. Tarbell, Jennings & Co.* v. *Downer* differs entirely from this case. In that case the execution was not stayed. 29 Vt. 339 ; 7 Vt. 426.

The opinion of the court was delivered by

TAFT, J. Ophelia L. Snow recovered a judgment at the September Term, 1877, of the County Court against Daniel Carpenter and Daniel C. Carpenter. The cause was taken to the Supreme Court and heard at the term in February, 1878, and held by the court under advisement, until the February Term, 1879. Daniel Carpenter deceased on the 23d day of January, 1879 ; an administrator, and commissioners for the adjustment of claims were appointed upon his estate on the 3d day of February, 1879 ; and on the 17th day, at the opening of the term of the Supreme

Court for that year, the death of Daniel was suggested to the court, and an entry thereof made upon the record; and on the 21st day the judgment of the County Court was affirmed. The judgment (the claimant insisting upon the damages and costs as entered in the Supreme Court), was presented to the commissioners and by them disallowed; an appeal by said Snow was taken to the County Court; the case heard upon an agreed statement of facts, and a *pro forma* judgment against the appellant entered. The case is now before us upon exceptions to the ruling of the County Court.

The judgment of the County Court in the original action was a complete and final one, and until reversed or annulled was decisive of the rights of the parties. The original cause of action was merged in the judgment; and no question as to the survival of that action can now be made. It is true that the cause passed to the Supreme Court, but it went by way of exceptions, and exceptions have always been regarded in this State as in the nature of a writ of error. Their allowance does not vacate the judgment; that remains final and valid until reversed or affirmed. Executions may issue upon such judgments unless stayed by special order; and actions of debt may, except in cases of such stay, be maintained upon them while the cause is pending in the Supreme Court. The doctrine that all cases passing to the Supreme Court on exceptions are to be viewed as matters in error is so well settled, that it is needless to refer to the decisions in support of it. The appellee claims that the suit was discontinued as to Daniel Carpenter by the appointment of commissioners to allow claims against his estate, by force of sec. 16, ch. 53, Gen. Sts., providing for the discontinuance of pending actions, upon the appointment of commissioners on the estate of a deceased person. This question was made and decided in the case of *Walker* v. *King*, 2 Aik. 204. King, the defendant, having died after judgment in the County Court, and after the case had been removed to the Supreme Court, on exceptions taken at the trial, his attorney of record moved that the action be discontinued; but the court were all of the opinion that there having been a judgment below, and the case standing on exceptions, they were to be regarded in the

nature of a writ of error ; and the case was disposed of in that court notwithstanding the death of the defendant. The case was held under advisement, and the judges then present were four who at times served as Chief Judges, SKINNER, PRENTISS, HUTCHINSON, and ROYCE.

In case one of the parties dies after judgment in the County Court and before hearing in the Supreme Court, the practice is to affirm or reverse the judgment *nunc pro tunc.* 8 Vt. 190 ; Freeman on Judgments, sec. 57. Had this been done no question could have arisen as to the validity of the judgment ; but it was entered generally as of the time of its rendition.

The rights of the appellant are not affected by sec. 19, ch. 52, Gen. Sts., permitting an action, the cause of which survives, where there are several defendants and one dies before final judgment, to proceed against the surviving defendant, the death being suggested upon the record, as that section relates to cases where the party dies *before* final judgment. In this case the defendant Daniel died after judgment ; and the provisions of that section as to citing in the administrator or executor of a deceased party apply to those cases only in which there is but one plaintiff or one defendant, and such sole party dies.

What then was the effect of the action of the Supreme Court ? Upon the affirmance of a judgment of the County Court, the statute ch. 30, sec. 59, requires the Supreme Court " to render judgment ;" and directs what shall be entered as damages. We think in this case that the claim became a judgment of the Supreme Court, and being valid, the judgment of the County Court became merged therein. "A judgment is extinguished when being used as a cause of action it grows into another judgment." Freeman on Judgments, s. 216, citing 3 Monroe, 425 ; 7 Eng. 549.

No injustice is done the appellee in this case by reversing the judgment of the County Court ; for one of the two judgments is a legal claim against the estate. If the action of the Supreme Court in affirming the judgment at the February Term, 1879, was not irregular, then it is a charge upon the estate ; but if the judgment of the Supreme Court was void, then the one of the County Court remains valid, as no claim merges in a void judgment, and is a

legal demand against the estate of the appellee, and is properly before us upon the agreed statement of facts.

The authorities upon the question of whether a judgment against a party rendered subsequently to his death is or is not void are conflicting. To hold them null seems to us an impeachment of the judgment by evidence not contained in the record. But what is the effect of a judgment rendered against a deceased party, where the fact of his previous death appears upon the record ? Even in such cases we think the judgment, though erroneous, is not void ; and should be given full force until reversed, or set aside by some competent judicial authority. " This is because the court, having obtained jurisdiction over the party in his lifetime, is thereby empowered to proceed with the action to final judgment ; and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal if the fact of the death appears upon the record, or by writ of error *coram nobis* if the fact must be shown *aliunde.*" Freeman on Judgments, sec. 153.

It cannot be said that the party in interest had no opportunity of being heard ; for as was said by the court in *Adams* v. *Newell*, *supra*, an administrator may always defend or prosecute pending a writ of error.

The *pro forma* judgment of the County Court is reversed, and judgment for the appellant and cause ordered to be certified to the Probate Court.