## JOHN RUSZITS *v.* G. W. HILLIARD.

*Insolvency. Non-Resident Creditor. Practice. Pending Suit Continued.* R. L. s. 1797.

1. A non-resident creditor can sustain an action against a party adjudged an insolvent debtor, while his estate is being settled by an assignee, if such creditor has not participated in the proceedings, and has not submitted to the jurisdiction of the insolvency court.
2. But the statute—R. L. s. 1797—whereby a pending suit shall be stayed on the application of the debtor, until the question of discharge has been determined, is binding upon non-resident as well as resident creditors. But a formal application in the nature of a motion for continuance must be made to the court; and a plea in bar merely setting up the insolvency proceedings will not be treated as such motion.

ASSUMPSIT. Pleas, general issue and two special pleas in bar. Heard on demurrer to the plaintiff's replication to the special pleas, by the court, March Term, 1884, VEAZEY, J., presiding. Judgment that the replication was sufficient.

*Redington & Butler*, for the defendant.
*Bedell & Warden* v. *Scruton*, 54 Vt. 493, is not decisive of this case; as that case was decided under the Act of 1876, and the law was changed in 1880. R. L. s. 1797. The statute as to staying suits applies to non-resident creditors. *Grant* v. *Lyman*, 4 Met. 475; 21 Pick. 169; 13 Allen, 68; 8 Met. 29; 7 N. Y. 506.

*F. G. Swinington*, for the plaintiff, cited *Bedell & Warden* v. *Scruton*, 54 Vt. 493.

The opinion of the court was delivered by
ROYCE, Ch. J. The pleas in bar allege, that before the

commencement of this suit the defendant had been adjudged and declared an insolvent debtor, under R. L. chap. 93, that an assignee had been appointed and the estate duly assigned under the provisions of that chapter, that the assignee had proceeded to settle the estate, and that said insolvency proceedings were still pending and the question of the discharge of the debtor not yet determined; and conclude by praying judgment if the plaintiff ought to have judgment or execution for his said damages on or against the person or estate of the defendant.

The replication alleges, that the plaintiff ought not to be barred, because at the time of the making of the promises and undertakings by the defendant in the declaration mentioned, the plaintiff was, and ever since has been, a resident of the State of New York, and has not proved his claim against the estate of the defendant, or participated in any manner in said insolvency proceedings, or submitted himself to the jurisdiction of said court of insolvency in said proceedings.

The demurrer to the replication admits the facts as alleged in it. The replication is such an one as a non-resident creditor might make to a plea of discharge by the Court of Insolvency, and, upon the authority of *Bedell & Warden* v. *Scruton,* 54 Vt. 493, and *McDougall* v. *Page,* 55 Vt. 187, would be a full answer to such a plea. It is established by those cases that the rights of such a creditor are not affected by such a discharge; the obligation of the debtor remains as before the discharge. The pleas are in bar; and the legal effect of a judgment sustaining them would be to conclude the plaintiff from any further prosecution of the claims described in the declaration. There are no such allegations in the pleas as will bar the plaintiff from the further prosecution of his suit, and that renders them bad as pleas in bar. The defect is a substantial one, and the demurrer to the replication reaches back to it.

Our attention has been called to the act passed in 1880,

and which is sec. 1797 R. L., which prescribes that no creditor whose debt is provable shall, unless the amount due is in dispute, be allowed, after the filing of a petition in insolvency, to prosecute to final judgment a suit at law or in equity, against the insolvent debtor, unless there is unreasonable delay in obtaining the discharge, and that any such suit shall, on application of the debtor, be stayed to await the determination of the Court of Insolvency upon the question of discharge. That act, it will be noticed, is made applicable to all creditors whose debts are *provable.* It is a law affecting the remedy, and is binding upon non-resident as well as resident creditors.

It is not alleged when the promises and undertakings of the defendant were made. If made after the passage of the act of 1880, they were undoubtedly within and subject to the provisions of that act; if made before, the Legislature had the right to prescribe such rules as to the manner of their enforcement in the courts of the State as would not impair the obligation of the contract, or virtually deprive the plaintiff of a remedy. It is evident that the statute did not contemplate that such a suit should be discontinued, or that the plaintiff should be barred from prosecuting it; it is to be *stayed* for the period designated, upon application made as provided by the act. The application must be made to the court before which the suit is pending, and is in the nature of a motion for a continuance, for the reasons specified in the act. Such an application, or motion, would present an issuable fact for the determination of the court; and if the facts are found that entitle the debtor to a stay of the proceedings, it is made the duty of the court to continue the cause.

As pleas in bar are not proper pleadings to present such an issue, and cannot be treated as an equivalent for an application or motion of the character indicated, the judgment of the County Court adjudging the replication sufficient is affirmed, and the cause remanded.