## ISAAC T. PATTERSON

v.

## LUMAN F. SMITH ET AL.

JANUARY TERM, 1894.

*Insolvency.   Stay of proceedings against insolvent in supreme court.*

1.  R. L., s. 1797, providing that after the filing of a petition in insolvency, no creditor, whose claim is provable against the estate, shall be allowed to prosecute to final judgment a suit therefor against the insolvent, applies to all claims which are provable, whether a discharge would bar their subsequent prosecution or not.  So held in case of a claim for the conversion of property.

2.  If the petition in insolvency is filed after the plaintiff has obtained a judgment in the county court and while the suit is pending in supreme court on exceptions, the insolvent may obtain a stay of proceedings in that court.  In such case the judgment of the county court is not final.

Trover and trespass for the conversion of certain personal property.   Plea, the general issue.   Trial by jury at the September term, 1893, Orleans county, TAFT, J., presiding.  Verdict and judgment for the plaintiff.   The defendants excepted, execution was stayed and the cause passed to the supreme court.   In that court, at the January term, 1894, the defendants Connor and Kilgarlan filed a motion for a stay of proceedings for that they had, subsequently to the rendition of judgment in the county court, filed petitions in insolvency in the district of Orleans.   The hearing in supreme court was upon that motion.

*Bates & May* for the defendants.

Since the claim of the plaintiff is provable against the insolvent estates of the defendants, the law peremptorily commands a stay of proceedings. R. L., s. 1797; *Ruszits* v. *Hilliard*, 57 Vt. 60; *Re Roseenberg*, 2 N. B. R. 236; *Re Metcalf*, 1 N. B. R. 236; *Re Migel*, 2 N. B. R. 481.

The judgment of the county court was not final. *Re Metcalf*, 1 N. B. R. 241; *Re Wright*, 2 N. B. R. 144; *Haggerty* v. *Armory*, 7 Allen 458; *Sampson* v. *Clark*, 2 Cush. 173; *Wolcott* v. *Hodge*, 15 Gray 547.

*W. W. Miles* and *Dickerman & Young* for the plaintiff.

The judgment of the court below was a final judgment. *Brace* v. *Squire et al.*, 2 D. Chip. 49; *Tarbell* v. *Downer*, 29 Vt. 339: *Card* v. *Sargeant*, 15 Vt. 397; *Pomfret* v. *Barnard*, 44 Vt. 527.

MUNSON, J.   It is provided by R. L. 1800 that claims against an insolvent debtor for property wrongfully taken, withheld or converted may be proved as debts against his estate to the value of such property.   It is provided by R. L. 1797 that from the filing of a petition in insolvency until the determination of the question of discharge, no creditor whose debt is provable against the insolvent estate shall be allowed to prosecute to final judgment a suit therefor against the insolvent debtor, at law or in equity; and that any such suit shall, on the application of the debtor, if there has been no unreasonable delay in seeking a discharge, be stayed to await the determination of the court of insolvency upon the question of discharge.   It is, however, further provided by this section that when the amount due is in dispute the suit may, by leave of the court of insolvency, proceed to judgment for the purpose of ascertaining the amount due; but in cases thus advanced to judgment execution must be stayed.

When this case was called for hearing on exceptions, two of the defendants applied for a stay of proceedings under the foregoing provisions. The judgment in the county court was obtained before the petitions in insolvency were filed. The action is trover and trespass for a quantity of lumber. The plaintiff denies the right of the defendants to a stay of proceedings, on two grounds. It is said that the demand is one that would not be barred by a discharge unless proved; and that the legislature cannot have intended to authorize a stay to await the determination of the question of discharge, in cases that would not be affected by a discharge. It is insisted further that the judgment of the county court is a final judgment, and that the provisions for a stay have no application to proceedings for the correction of errors.

We think the provisions in question must be held to relate to all provable claims. An examination of the insolvent law will suggest several considerations which may have led the legislature to extend the privilege of a stay to cases not within the effect of a discharge; but it is not necessary to present them in justification of our holding, for the language of the statute is explicit. The right to a stay is clearly made to depend upon the provable character of the demand, and not upon considerations relating to the discharge. This view of the provision was taken in *Ruszits* v. *Hilliard*, 57 Vt. 60, where it was held to be binding upon a non-resident creditor, although the claim of a non-resident is not barred unless proved.

We think a stay of proceedings can be granted in this court. It is true that a judgment of the county court is not vacated by the allowance of exceptions, but remains a final and valid judgment of that court until reversed or affirmed in the supreme court. *Tarbell* v. *Downer*, 29 Vt. 339; *Snow* v. *Carpenter*, 54 Vt. 17. But as long as the judgment is subject to reversal or affirmance there is an important sense in which it is not final. The final judgment of a lower

court whose proceedings are brought up for review is not the final judgment in the case. We think it would contravene the purpose of the statute to give the term as there used its more technical meaning. It is not necessary to regard the judgment of the county court as final, in a sense which would preclude the granting of a stay of proceedings in this court. It is apparent that an affirmance of the judgment would make it final in a sense not now applicable to it.

*Proceedings stayed and case continued.*