NELLIE C. RICH *v.* W. E. HOLMES ET AL.

February Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 4, 1932.

*Lawrence, Stafford & O'Brien* for the defendant W. E. Holmes.

*Fenton, Wing, Morse & Jeffords, Frank C. Archibald,* and *Charles F. Ryan* for the plaintiff.

GRAHAM, J.    The action is to recover damages for personal injuries resulting from the negligent operation of the automobiles of the defendants.    Trial was by jury.    The verdict was in favor of the plaintiff against both defendants, and judgment was rendered thereon.    The defendant Holmes alone brings exceptions to this Court.    The defendant's exceptions are to the denial of his motion for a directed verdict, and to the charge of the court, and they present a single question:   Was the driver of the Holmes automobile acting as the agent and servant of defendant Holmes at the time of the accident, or was he at that time an independent contractor?

In the latter part of August, 1930, Holmes, a resident of Wichita, Kansas, was traveling in his automobile in the vicinity of Randolph, Vermont.    He there met with some difficulty which necessitated repairs to his car.    It was taken to the garage of George S. Allen in the village of Randolph for that purpose. The repairs required new parts, which had to be ordered by Allen from the factory.    Holmes went to Boston to visit friends, and at that time he intended to return to the Allen Garage in Randolph for his car after the new parts were delivered and the repairs were made.    He telephoned Allen twice from Boston to learn about the progress of the repair work.    The last telephone conversation was about eleven o'clock in the forenoon of August 30, and Holmes then learned from Allen that the parts had arrived and were being installed.    During this same conversation, Holmes asked Allen to meet him at some place on the line of railroad from Boston to the west, at either Springfield or

Pittsfield, Massachusetts, or Albany, New York. After consulting a map, Allen told Holmes that he would bring the car to Pittsfield, and Holmes then told Allen what time his train would arrive in Pittsfield, and that he would be waiting at a hotel there. Holmes also told Allen to instruct the man who drove the car to Pittsfield what the cost of that service was so he could pay it. Allen elected to drive the car himself, and when the repairs were completed at about four forty-five that afternoon, he started for Pittsfield. Before leaving Randolph, Allen placed his own garage plates over the Kansas number plates then on the car. In driving the car from Randolph to Pittsfield, Allen traveled over the road through Bethel, Stockbridge, Rutland to Manchester, and while he was proceeding south from Manchester to Bennington the accident occurred, resulting in the injuries complained of in this action.

After the accident, Allen proceeded with the car to Pittsfield, where he delivered it to Holmes, and was paid both for the repairs and for his services and expenses making delivery, including the cost of gasoline and oil used in the car on the trip from Randolph to Pittsfield.

█ The plaintiff makes no question but that the defendant's motion for a directed verdict should have been granted, if, on the facts stated, Allen was at the time of the accident driving the Holmes car as an independent contractor, and not as the servant of Holmes. The rule which is to guide us to a determination of the relationship existing between Allen and Holmes is whether under the contract Holmes had the right to control not only the result, but also the means and methods adopted to accomplish that result. *Richards* v. *Consolidating Lighting Co.*, 90 Vt. 552, 99 Atl. 241; *Kelley's Dependents* v. *Hoosac Lumber Co. et al.*, 95 Vt. 50, 53, 113 Atl. 818; *LeBlanc* v. *Nye Motor Company*, 102 Vt. 194, 199, 147 Atl. 265. In *Kelley's Dependents* v. *Hoosac Lumber Co.*, *supra*, it is stated that if the party for whom the work is being done may prescribe not only what the result shall be, but also may direct the means and methods by which the other shall do the work, the former is an employer, and the latter an employee. But if the former may specify the result only, and the latter may adopt such means and methods as he chooses to accomplish that result, then the latter is not an employee, but an independent contractor.

■ With this crucial test in mind, it only remains to apply it to the facts as stated. The defendant contends that the arrangement for delivery of the car at Pittsfield was a modification of the original contract of bailment, and should be considered and construed as a part of it. But the plaintiff argues that the undertaking for delivery was separate and distinct from the contract for repairs. We think that the plaintiff's version of the contract is correct, but whichever view is taken of it, the result will be the same. The terms of the contract as completed provided only that Allen should make delivery of the car to Holmes at Pittsfield, and receive compensation therefor. Holmes specified only the result, which was delivery at Pittsfield. The details of making delivery were left entirely to the control of Allen. He could go himself or send another driver; he chose to go himself. The features of the trip were left to Allen without right of control by Holmes. In those matters he was his own master. The route which he took was of his own selection; the speed of the car and the stops which he made were left to his own uncontrolled discretion. The plaintiff says that Holmes might have stopped Allen at any point of the journey and directed a different place of delivery. This contention is in conflict with the terms of the contract. The place of delivery was specifically agreed upon, and no right was reserved to change it. The contract could be changed in that respect only by putting an end to it, either by cancellation or substitution.

Since we are dealing not so much with a question of law as with the application of an undisputed formula to specific facts, cases from other jurisdictions involving dissimilar facts, are not very helpful; but for cases in which other courts have applied the rule to facts somewhat similar to those presented here, see *Stamper* v. *Jesse*, 199 Ky. 324, 250 S. W. 1008; *Sweetman* v. *Snow*, 187 Mich. 414, 153 N. W. 770, L. R. A. 1916B, 757; *Woods* v. *Bowman et al.*, 200 Ill. App. 612. Generally, see note, 46 A. L. R. 840.

In *Stamper* v. *Jesse, supra*, where defendant delivered his automobile to a dealer, who agreed to make repairs thereon and to sell it for defendant on commission, in which business he was engaged, it was held that the dealer was an independent contractor, and that the owner was not liable for injuries negli-

gently caused while dealer was driving the car to his place of business.

In *Sweetman* v. *Snow, supra,* it was held that an employee of a public garage is not the servant of the owner of an automobile while he is driving it back and forth between the garage and the place where the owner desires to use it, under a contract for storage and care and for delivery when and where needed.

In *Woods* v. *Bowman, supra,* it was held that an administrator of an estate, who had hired a garage man to repair automobiles belonging to the estate for the purpose of a public sale, was not liable to a third person for personal injuries caused by the negligence of the garage man while returning from the premises belonging to the estate, where he had delivered a repaired car, in one of such cars, for the purpose of taking another repaired car to such premises.

We hold that Allen in pursuit of his undertaking to deliver the Holmes car at Pittsfield was an independent contractor, and not the servant and agent of Holmes. The defendant Holmes' motion for a directed verdict should have been granted.

█ Our disposition of the case as to defendant Holmes presents this question: What judgment shall be entered as to Pederson, the nonappealing defendant? At common law, a joint judgment against two or more defendants is an entirety, and where one or more of the defendants appeal therefrom, but the other or others do not, a reversal of the judgment as to one or more appealing will operate as a reversal as to all. 1 Black on Judgments (2nd ed.), § 211; *Shreeder* v. *Davis,* 43 Wash. 129, 86 Pac. 198, 10 Ann. Cas. 77, and note; 4 C. J. 1183. A great majority of the courts now hold that this rule is too technical and artificial, and that a reversal as to a party wrongfully adjudged liable does not require a reversal as to the party properly subjected to liability. *Brown & Sons Lumber Co.* v. *Sessler,* 128 Tenn. 665, 163 S. W. 812, Ann. Cas. 1915C, 103; *Sparrow* v. *Bromage,* 83 Conn. 27, 74 Atl. 1070, 27 L. R. A. (N. S.) 209, 19 Ann. Cas. 796, and notes; *Stotler* v. *Chicago, etc., R. R. Co.,* 200 Mo. 107, 149, 98 S. W. 509.

The change from the early technical rule to the more liberal and modern doctrine is found in our own cases. In *Somers et al.* v. *Rogers,* 26 Vt. 585, the strict rule of the common law was applied; but it was not followed in *Franks* v. *Lockey et al.,* 45

440

Vt. 395, and in *Bradley* v. *Blandin & Somerest Land Co.,* 94 Vt. 243, 256, 257, 110 Atl. 309, 315, the present rule is stated thus: ''Where there are two defendants, and the judgment is based upon a cause of action of such a nature that it might work injustice to one, if it were to remain intact against him while reversed for error as to the other, the Court may, to prevent possible injustice, reverse the judgment *in toto,* and grant a new trial as to both.'' It follows from this statement of the rule that when error is found affecting the rights of one party to the judgment and not as to another, and it is also determined that a proper decision as to one is not dependent upon the judgment as to the other, the court may reverse in part, and affirm in part.

When a case is regularly passed to this Court by the filing of a bill of exceptions, whether by one or all of the defendants, the whole judgment is brought up so as to give us jurisdiction to render any judgment to which the parties are shown to be entitled. While the judgment below is not vacated by the filing of a bill of exceptions (*Tarbell, Jennings & Co.* v. *Downer,* 29 Vt. 339; *In re Cote,* 93 Vt. 10, 13, 106 Atl. 519; *Firestone Tire & Rubber Co.* v. *Hart's Estate,* 104 Vt. 197, 158 Atl. 92), yet, so long as the judgment is subject to reversal or affirmance ''there is an important sense in which it is not final.'' *Patterson* v. *Smith,* 66 Vt. 633, 635, 30 Atl. 2, 3. In that case this Court said: ''The final judgment of a lower court whose proceedings are brought up for review is not the final judgment in the case.'' Upon affirmance, the judgment of the county court becomes the judgment of the Supreme Court and is merged therein. *Snow* v. *Carpenter,* 54 Vt. 17, 21; see G. L. 2265. The express terms of this statute (G. L. 2265) require the Supreme Court on affirmance to render the final judgment in the case. True, it is for the same amount, plus interest and costs, but it merges the old judgment into a new judgment (*Snow* v. *Carpenter, supra*), and, when execution is stayed by order of the county court under G. L. 2255 (as was done in the present case), the execution shall issue from this Court. See *Smith* v. *Pike,* 44 Vt. 61.

To decide the question before us, we look to the circumstances. The question made by Holmes in no way touches Pederson; it does not affect his liability. The alleged liability of Holmes was wholly vicarious; his relationship to Allen is the

only question of error presented. Pederson was an active wrongdoer; he has not appeared in this court to urge any error or irregularity in the proceedings below, so there is no apparent reason why the judgment against him should be disturbed.

*Judgment against defendant Holmes reversed, and judgment for this defendant to recover his costs; judgment against defendant Pederson affirmed.*