## MILLER v. ERICKSON et al.
### No. 355.

Circuit Court of Appeals, Second Circuit.

Argued March 18, 1935.

Decided April 1, 1935.

Lawrence, Stafford & O'Brien, of Rutland, Vt., for appellant Erickson.

Fenton, Wing & Morse, of Rutland, Vt., for appellant Wood.

Edmund E. Lahar and Novak & Bloomer, all of Rutland, Vt., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The judgment against Erickson appears to us justified. He was driving a motorcar at a speed of at least twenty-five miles an hour through a village at night in a thick snowstorm, when by his own statement he could not see ahead more than sixty or seventy feet. That meant that he had less than two seconds in which to stop. He struck a car at rest with its tail light on, and drove it forward twenty feet. "Gross negligence," as the courts of Vermont have construed it, means in substance that the defendant conducts himself with utter recklessness of the safety of others. A jury might well believe that Erickson had done so; we think so ourselves.

On the other hand, we cannot see how Wood can be charged with negligence at all. It is common enough to start a car by pushing it along while in gear. Doubtless one should consider where it will be left if it does not start, but this car was in fact stopped on the right side of the road, close to the curb, properly lighted. Wood did not leave it there, but had sent back a friend to get another car to push him along until his engine started. The delay had been only two or three minutes. It seems to us extravagant to say that during the interval some one ought to have been sent back to flag approaching cars. Why should Wood have foreseen that Erickson would come along on such a night at such a speed? Seibert v. Goldstein Co., 99 N. J. Law, 200, 122 A. 821, cited as justifying such a result, does not do so. The recovery really rested upon the violation of a traffic law which required a tail light; and although the opinion does suggest that the driver should have sent back his assistant to give warning that was not necessary to the result. We think that a verdict should have been directed for the defendant Wood.

The practice in Vermont allows the judgment against Erickson to be affirmed and that against Wood to be reversed. Rich v. Holmes, 104 Vt. 433, 160 A. 173, 175.

Judgment against Erickson affirmed; that against Wood reversed, and new trial ordered.