### Stamper v. Jesse.

(Decided May 22, 1923.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Master and Servant—Dealer, Agreeing to Repair and Sell Automobile, Held Independent Contractor.—Where defendant delivered his automobile to a dealer, who agreed to make repairs

thereon and to sell it for defendant on commission, in which business the dealer was engaged, the dealer was an independent contractor, since the means and method of doing the work were left solely to his discretion, and the defendant is not liable for injuries caused by the negligence of the dealer in driving the automobile to his place of business.

EDWARDS, OGDEN & PEAK and STOTSENBURG & WEATHERS for appellant.

JOHN P. HASWELL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On the trial of this action by Catherine Stamper against John H. Jesse, for personal injuries, the trial court directed a verdict in favor of Jesse, and this appeal challenges the correctness of that ruling.

The facts are these: Jesse lived in Louisville and owned a Jeffrey machine. Cecil Shuck was the proprietor of the Shuck Motor Car Company, which conducted an automobile business in Jeffersonville, Indiana. In connection with the business, the company conducted a repair shop, and also sold machines on commission. On the day of the accident Jesse called Shuck over the telephone and wanted to know if Shuck sold cars. Shuck replied that he did, and that he charged a commission of five per cent. Jesse then asked Shuck if he would come over and get the car and take it to his place of business, and Shuck replied that he would. At the same time Jesse stated to Shuck that certain repairs were necessary, and told Shuck to make the repairs and then sell the car. Shuck then went to Jesse's home in Louisville, procured the car, and the accident occurred while he was on his way back to his place of business in Jeffersonville.

There being evidence of negligence on the part of Shuck, the case turns on whether Shuck was Jesse's agent at the time and place of the accident, and, as such, was acting in the course, and within the scope, of his employment. As we view it, the case is simply one where Shuck was conducting a business on his own behalf. As a part of that business, he repaired machines, and also sold them on a commission basis. Jesse contracted with Shuck to repair and sell the machine. As a part of the contract Shuck agreed to come after the machine and take it to his place of business. In other words, the contract contemplated certain results, but the means and

method of doing the work were left solely to the discretion of Shuck. Therefore, when Shuck took possession of the car, he was not subject to discharge by Jesse, or to his direction, supervision or control in any way whatever. On the contrary, he was his own master, with full power to select his own route, fix the speed of the car and regulate its movement in any way that he saw fit. It follows that Shuck was not Jesse's agent, but was an independent contractor for whose negligence Jesse was not responsible. D. E. Hewitt Lumber Co. v. Mills, 193 Ky. 443, 236 S. W. 949.

Judgment affirmed.