ADAM POTCHASKY, Appellant, *v.* ALBERT H. MARSHALL and Another, Respondents.

Third Department, January 7, 1925.

**Motor vehicles — action for injuries suffered in collision between plaintiff's automobile and defendant's automobile — defendant's automobile was being driven by person who took possession in order to sell it — defendant had no control over driver — defendant is not liable.**

The defendant is not liable to the plaintiff for injuries suffered in a collision between the defendant's automobile and plaintiff's automobile since it appears that, at the time of the accident, the defendant's automobile was in possession of a third person who had made an agreement with the defendant to sell it and who had it in his possession at that time for the purpose of sale; that the defendant had no control over the driver; and that the driver was not using the car in the defendant's business

APPEAL by the plaintiff, Adam Potchasky, from an order of the Supreme Court, made at the Clinton Trial Term and entered in the

office of the clerk of the county of Clinton on the 17th day of May, 1924, directing the dismissal of the complaint at the close of the plaintiff's case, and also from a judgment entered in said clerk's office on the 9th day of May, 1924, pursuant to said order.

*Judge & Collins* [*John E. Judge* of counsel], for the appellant.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the respondents.

VAN KIRK, J.:

.Harold Rushby made an agreement with defendants to sell a Marmon car belonging to them. He was to have for his commission all he could get for the car above $600. He was to have no other compensation and no allowance for expenses. He got the car at Plattsburgh and alone drove it to Mineville, where he was working in a garage. He kept the car in this garage. He lived in Witherbee. One evening he drove from the garage to Witherbee and, while returning to Mineville, the accident happened, the car he was driving coming into collision with plaintiff's car in the highway. He took this trip for the purpose of selling the car, if an opportunity was presented. At the time the car was the property of the defendants and he was using it under the license and license plates on the car when he got it. The nonsuit was granted on the ground that Rushby was an independent contractor and that the defendants did not assume to, and could not, exercise any control over Rushby in the management of the car.

Rushby was at the time an independent contractor. He took the specific job of selling the car. In carrying out this undertaking he was independent of the orders and control of the defendants as to how, when and where he should proceed in his efforts to sell the car. In these respects he acted entirely under his own control and choice. He was not in their employ and not subject to discharge by them for the manner in which he did his work. (*Matter of Litts* v. *Risley Lumber Co.*, 224 N. Y. 321; *Thorn* v. *Clark*, 188 App. Div. 411; *Matter of Rheinwald* v. *Builders' Brick & Supply Co.*, 168 id. 425; 174 id. 935; affd., 223 N. Y. 572.)

Rushby was called by the plaintiff, who thereby vouched for his credibility. Though the ownership of the car is *prima facie* evidence of responsibility for an accident in the highway, the presumption of responsibility growing therefrom is overcome by the evidence of Rushby to the contrary. (*Potts* v. *Pardee*, 220 N. Y. 431, 433; *Rose* v. *Balfe*, 223 id. 481, 486.) In *Van Blaricom* v. *Dodgson* (220 N. Y. 111) the basis of responsibility is discussed under the relationship of principal and agent between the owner and the driver. In *Potts* v. *Pardee* (*supra*, 434) the court said:

"It has been settled by numerous authorities in this State at least that when it appears in an action against the owner of an automobile for damages sustained that the driver was not in his employ nor engaged in his business a plaintiff cannot recover." In *Thorn* v. *Clark* (*supra*, 413) it was said: "Such liability [of the owner of a car] must depend on the relationship of master and servant" between the owner and the driver. Also in *Rose* v. *Balfe* (*supra*) the liability is discussed under the relationship of master and servant. In *Kellogg* v. *Church Charity Foundation of L. I.* (203 N. Y. 191) the defendant owned an ambulance; it hired a horse and driver from a livery stable for a particular service; through the negligence of the driver an injury was inflicted. The Court of Appeals held that, notwithstanding the ownership of the ambulance and that it was being used for defendant's purposes, a verdict against the defendant could not be sustained because the defendant did not employ or pay the driver and did not possess the right to discharge him; the defendant did not select or control the driver. In *Potts* v. *Pardee* (*supra*, 436) that case is commented upon as follows: "Though at the time there was a representative of the defendant in the ambulance, and it was being used for its purposes, the court nevertheless held there was no evidence establishing the relation of master and servant between the defendant and driver, and in its absence the owner could not be held liable." In *Baker* v. *Allen & Arnink A. R. Co.* (231 N. Y. 8, 12) an ambulance belonging to a hospital was stored in a garage, the owner of which, under his contract, furnished a driver to answer all calls for the ambulance; it was held that, notwithstanding the fact that the hospital directed the driver where to go, and was the owner of the ambulance, nevertheless, unless the driver became the servant of the hospital, or the hospital actively interfered with the manner of the driving, it was not liable for the driver's negligence; that the liability rested upon the garage owner.

Whether or not the liability of the owner of an automobile for injuries suffered while it is being driven in the highway depends upon the relation of master and servant or of principal and agent between the owner and the driver, in either case it must appear, before the owner can be held liable, that the driver of the car was at the time of the injury under the orders or control, express or implied, of the owner. The ownership of the car is not conclusive, nor is the fact that in some sense it is being driven in the interest of the owner. In the instant case Rushby, at the time of the collision, was his own master in driving the car.

The recent statute (Laws of 1924, chap. 534, adding to Highway Law, § 282-e) making the owner of an automobile liable for injuries

resulting from negligence in the operation of the car upon a highway, with the permission of the owner, express or implied, was not in force at the time of this accident.

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs.