(No. 4773.   July 28, 1927.)

ARBIE M. DALE, Respondent, v. W. E. JAEGER, Appellant.

[258 Pac. 1081.]

NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — FAILURE OF GUEST TO PROTEST AGAINST EXCESSIVE SPEED OF AUTOMOBILE, EFFECT.

   1.  A gratuitous guest may not recover for his host's negilgent operation of an automobile, if, conscious of apparent danger or faced with such conditions and circumstances as would herald danger to a reasonably prudent man, he fails opportunely to protest and acquiesces therein.

   2.  Though contributory negligence is generally question of fact, it becomes a matter of law for court's determination when established facts and circumstances permit only one possible conclusion to be drawn by reasonably prudent man.

3. Contributory negligence of gratuitous guest in automobile in failing to protest against driver's proceeding at excessive speed *held* to preclude recovery for injuries resulting when car left the road on a sharp curve and crashed into telephone pole.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. Charles L. Heitman, Judge.

Action for damages for personal injuries. Judgment for plaintiff. *Reversed.*

Allen P. Asher and Danson, Lowe & Danson, for Appellant.

While the driver of a vehicle in which other persons are riding is required to use due care in the operation, yet, where it is negligently operated, a passenger who rides therein and sits silent, without objection or remonstrance when he has an opportunity to object, adopts the negligence of the driver as his own and cannot recover from the driver. (*Naglo v. Jones,* 115 Kan. 140, 222 Pac. 116; *Rebillard v. Minneapolis, St. P. & S. S. Ry.,* 216 Fed. 503, 133 C. C. A. 9, L. R. A. 1915B, 953; *City of Vincennes v. Thuis,* 28 Ind. App. 523, 63 N. E. 315; *Jepson v. Crosstown St. Ry.,* 72 Misc. Rep. 103, 129 N. Y. Supp. 233; *Clark v. Traver,* 205 App. Div. 206, 200 N. Y. Supp. 52.)

"When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by

Publisher's Note.

1. Care required of one riding in automobile driven by another as affecting his right to recover, see notes in 18 A. L. R. 352; 22 A. L. R. 1301; 41 A. L. R. 778.

2. Negligence as question of law or fact, see note in 91 Am. St. 457. See, also, 16 R. C. L. 189.

See Motor Vehicles, 28 Cyc., p. 41, n. 46 New, p. 49, n. 47. Negligence, 29 Cyc., p. 581, n. 1, p. 631, n. 54.

without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery." (Berry on Automobiles, 3d ed., sec. 527; *Lavine v. Abramson,* 142 Md. 222, 120 Atl. 523; *State v. Phillinger,* 142 Md. 365, 120 Atl. 878; *Hardie v. Barrett,* 257 Pa. 42, 101 Atl. 75, L. R. A. 1917F, 444; *Birmingham Ry., Light & Power Co. v. Barranco,* 203 Ala. 639, 84 So. 839.)

Myrvin Davis, for Respondent.

The rule is established by the weight of authority that the owner or operator of an automobile owes the duty to an invited guest, to exercise reasonable care in its operation, and not unreasonably to expose him to danger and injury by increasing the hazard of travel. (*O'Shea v. Lavoy,* 175 Wis. 456, 20 A. L. R. 1008, and notes, 185 N. W. 525; *Perkins v. Galloway,* 194 Ala. 265, 69 So. 875, L. R. A. 1916E, 1190; *Spring v. McCabe,* 53 Cal. App. 330, 200 Pac. 41; *Atwell v. Winkler,* 196 App. Div. 946, 188 N. Y. Supp. 158.)

Contributory negligence is a defense, and unless it is established beyond doubt, is a question that should be submitted to the jury. There being a showing herein that the plaintiff was not aware of the danger, it became in this case a question for the jury. (*Moomey v. Peak,* 57 Mich. 259, 23 N. W. 804; *Berg v. Parsons,* 84 Hun, 60, 31 N. Y. Supp. 1091; *Colvin v. Vensel,* 194 Pa. 83, 44 Atl. 1072; *Larkin v. Saltair Beach Co.,* 30 Utah, 86, 83 Pac. 686, 3 L. R. A., N. S., 982.)

Where the person injured has a right to depend on the care of the defendant, he will not be negligent in failing to observe the danger. (*Brown v. Stevens,* 136 Mich. 311, 99 N. W. 12; *Murray v. Dwight,* 15 App. Div. 241, 44 N. Y. Supp. 234.)

To defeat plaintiff's right of recovery the contributory negligence must be the proximate cause of the injury. (*Williams v. Southern Pacific R. Co.* (Cal.), 9 Pac. 152;

*Hatfield v. Chicago etc. Ry. Co.*, 61 Iowa, 434, 16 N. W. 336; 29 Cyc. 526, note 95.)

T. BAILEY LEE, J.—On the evening of September 30, 1924, the defendant accompanied by four guests, Brown, Bennett, Steadman and the plaintiff, set out from Sandpoint, Idaho, to Spokane, Washington, in a Hudson Speedster touring car owned and driven by defendant. While tearing along in the dark at a rate of over 60 miles an hour, defendant struck a sharp curve with the result that, notwithstanding the application of the brakes, the car left the road, crashed into a telephone pole, demolished the machine, and more or less injured all members of the party.

Plaintiff sued for damages, charging that defendant "ran the said car at a rate of speed exceeding fifty miles per hour, and by reason of the short distance that the road was lighted ahead of the said car, and by reason of the excessive speed at which he was driving the said car, as aforesaid, was unable to make the said turn, or to keep the car in the road."

At the close of plaintiff's case there had been established the following uncontroverted facts: That the trip was taken on a dark night; that the car was open and uninclosed by curtains; that defendant was driving fast, maintaining a general speed of from 35 and 55 to 60 miles an hour; that the car slowed down for curves and detours; that on good stretches the speed ran from 47 to 60 miles an hour; that the car slowed down at the town of Moab, some two or three miles from the curve in question; that after leaving Moab the speed increased; that the speed on this last and two or three miles stretch averaged 60 miles an hour; that within a minute of reaching the curve, the passenger, Brown, warned defendant of the instant curve, and directed him to slow down; that defendant replied that they had yet to cross a culvert preceding the curve some considerable distance; whereupon Brown immediately insisted defendant was wrong; that instantaneously the curve flashed into sight,

the defendant clamping on the brakes too late to prevent disaster; that at the time of the first warning the car was half a mile from the curve; that at such moment the speedometer indicated a speed of over 60 miles an hour; that the road from Moab to the curve was a macadam with a loosely graveled surface; that the plaintiff had ridden the entire distance on the front seat between defendant and Brown; that immediately in front of him was a continuously lighted speedometer; that he had theretofore ridden in automobiles, on occasions with defendant, and had himself driven substantial distances; that plaintiff at no time during the trip in question, protested or complained of the manner in which defendant was operating the car.

Upon these facts defendant moved for a nonsuit. The motion having been denied, the cause proceeded; and at the conclusion of the evidence, defendant moved for a directed verdict. This motion having been considered by the court, in itself and as a renewal of the motion for nonsuit, was denied. A verdict was returned in plaintiff's favor; and from the judgment based thereon this appeal has been taken.

The sole errors charged are the court's denial of the defendant's motions. Appellant contends that under the facts plaintiff cannot avail himself of defendant's negligence, since being fully aware of manifest danger attendant thereon, he did not protest but acquiesced therein, and was thereby guilty of contributory negligence proximating or conducing to his injury.

[1] The law is well settled by authorities too numerous to cite that a gratuitous guest cannot recover for his host's negligent operation of an automobile, if conscious of apparent danger or faced with such conditions and circumstances as would herald danger to a reasonably prudent man, he fails opportunely to protest or acquiesces therein. Respondent, recognizing the rule, seeks to avoid it by declaring he was ignorant of the road in question; that being unfamiliar with heavy cars equipped with balloon tires, such as was defendant's, he was unable to detect the excessive

speed or determine whether the car was moving 20 or 50 miles an hour; that the darkness prevented the notice of objects alongside the road; that he at no time looked at the speedometer until his attention was arrested by Brown's warning, and that he had not noticed "anything out of the way, the way it," the car, "was riding." He therefore insists that the question of his alleged contributory negligence was properly submitted to the jury as a question of fact, and that the verdict should not be disturbed.

[2] Contributory negligence being a defense to be pleaded and proved is generally a question of fact, but when the established facts and circumstances permit only one possible conclusion to be drawn by a reasonably prudent man, it becomes a matter of law for the court's determination. Here was a car admittedly plunging through the night on straight stretches at a rate of from 47 to 60 miles an hour, the curtains down and the disturbed atmosphere assuredly rushing like an incipient tornado by the speeders' ears. For two or three miles beyond Moab this insane pace averaged 60 miles, and was increasing as the curve was neared. With a lighted speedometer directly facing him, acquainted with cars both as passenger and driver, with the car lights covering the road 50 or 75 feet ahead, with the swish of gravel and the roar of the air, can it be said that any human being in possession of his five senses may be heard to say that at this abandoned rate he possessed his soul in sweet oblivion and "didn't notice anything out of the way, the way it was riding"? For the man in the street, the reasonably prudent citizen whose legislative representatives have unequivocally banned such wanton driving on the public highways, plaintiff's plea will fall on deaf ears. [3] If plaintiff did not know, he should have known; and in law he is fixed with the knowledge that was being flashed to him on every side. The only plausible explanation of his silence is that he placed utter reliance in his host, and shut his eyes to danger compellingly manifest. There is no merit in his contention that he did not know of the curve.

No one traveling at excessive speed may assume a safe fairway ahead.

Judgment reversed, with instruction to the trial court to dismiss the action. Costs to appellant.

Wm. E. Lee, C. J., and Budge and Givens, JJ., concur.

Taylor, J., took no part.

Petition for rehearing denied.