ED HODGES v. PERRY G. WEST, et al.

ANNIE MAY HODGES v. PERRY G. WEST, et al.

Middle Section.   July 13,  1928.

No petition for Certiorari was filed.

Ernest N. Haston, of Nashville, Turner & Haston, of McMinnville, and James M. Brady, of Spencer, for plaintiffs in error, Hodges.

Willis & Davenport, of McMinnville, William M. Hall, and Charles L. Neely, both of Memphis, for defendant in error, West.

CROWNOVER, J. These two actions were instituted for damages resulting from a collision of two automobiles, and, although separate actions, they were by agreement tried together on the same testimony. The first action was for damages to plaintiff's automobile and for loss of services of plaintiff's minor daughter, Annie May Hodges, who received personal injuries as a result of the collision; and, the second action was' brought by said Annie May Hodges, by her next friend, for damages for personal injuries as a result of the collision.

The defendants pleaded not guilty, and the actions were tried by a jury. At the close of all the evidence the court sustained defendant West's motion for peremptory instructions and directed a verdict as to .him in each suit, and the jury returned verdicts in favor of the plaintiffs and against the defendant Byron Moss in the sum of $500 in each action.

The plaintiffs excepted to the court's action in directing ver· dicts in favor of West, but their motions for a new trial were over-ruled, and they have appealed in error, and have assigned six ·errors, which are, in substance that the court erred in holding that Moss was an independent contractor and in directing a verdict for West, as the relationship of principal and agent or master and servant existed, and plaintiff's proof showed that Moss was an agent, servant or employee of West and was acting within the scope of his employment at the time the injuries were inflicted as a result of the collision, and his negligence was therefore imputable to .West, which facts were denied by West; and that the proposition that Moss was an agent, servant or employee of West and acting within the scope of his employment at the time the injuries were inflicted through his negligence, was disputed by defendant West, · and it was therefore insisted that these disputed questions of fact . should have been submitted to the jury.

The facts necessary to be stated are that defendant Moss, an automobile salesman, in July, 1926, endeavored to sell to defendant West a new automobile. After some discussion and negotiations West proposed to buy a new automobile, provided he could trade in or sell his old car for $450. Moss replied that he had some prospective buyers and thought that he could sell it to somebody in Van Buren county. He waited a few days for his buyer to visit Mc-Minnville, but he failed to come and Moss then proposed to drive West's car to the prospect in Van Buren county. West consented, and it was agreed that if Moss sold it he was to retain all over $450, or was to give West credit of $450 on a new car, and on July 30, 1926, Moss drove West's old car for the purpose of selling it to a prospective buyer in Van Buren county, and while on the way, near a bridge on Calf Killer River he negligently drove the

car into plaintiff Ed Hodges' automobile, driven by his minor daughter, Annie May Hodges, and as a result of the collision plaintiff's car was damaged and Annie May Hodges sustained personal injuries, for which both Moss and West were sued, with the results above stated.

Defendant Moss did not attend the trial or testify, and has not appealed. The car driven by Moss was owned by defendant West, registered in his name and the license was issued to him.

As is seen by a review of the assignments of error, the plaintiffs in error insist that the relationship of master and servant or principal and agent existed between West and Moss, and that Moss was West's agent in driving the car to make the sale, and that there was sufficient evidence to carry the case on this question to the jury. After a careful examination of the record and the authorities, we are of the opinion that the assignments of error are not well made and that the trial judge did not err in directing a verdict for West.

The owner of an automobile is not liable for the acts of one endeavoring to sell his automobile for a commission, or where he was to have all over and above a certain price, where the owner retains no control of his actions with respect to the manner in which he may make the sale or do his work, as the salesman is an independent contractor. See 42 C. J., 1114-1115, sec. 872, note 98, pages 1129-1133; 2 Blashfield's Cyc. Auto Law, 1323, 1357, 1364; Potchasky v. Marshall, 211 App. Div., 236, 207 N. Y. S., 562; Emery v. McCombs, 167 N. Y. S., 474; Goodrich v. Musgrave Fence Co., 154 Ia., 637, 135 N. W., 58; Stamper v. Jesse, 199 Ky., 324, 250 S. W., 1008; Barton v. Studebaker Corporation, 46 Cal. Apps., 707, 189 Pac., 1025.

It was insisted that under the Acts of 1921, chapter 162, as amended by chapter 59 of the Acts of 1923, where proof is submitted that the car belonged to the defendant West, was registered in his name and a license issued to him, this was sufficient for the court to presume that the driver was his agent and on the business of the owner; that the car was being driven by the owner's servant for the owner's use and benefit and within the course and scope of the employment. In other words that this presumption, together with the statement made by West that the car was being driven for him, was sufficient to carry the case to the jury. We do not think that this is sufficient. A presumption will not be indulged that the driver was the agent and on the business of the owner merely upon proof that the car was registered and licensed in the name of the owner, where the owner proves that the driver was not his agent, as such presumptions are indulged, as required by said

statutes, only in the absence of proof. See Frank v. Wright, 140 Tenn., 535, 205 S. W., 434.

The question as to the presumption arising under these statutes where the owner testified that the driver was not his agent, and was not on his business at the time of the accident, being sufficient to require the judge to submit the case to the jury, was raised and passed upon by the Court of Civil Appeals in the case of Allen Seago, by next friend v. L. H. Carruth, Shelby law, opinion by Judge Syd. R. Clark, at the January term, 1924, at Jackson. The court held that this was not sufficient and that a presumption will only be indulged in the absence of proof, citing Frank v. Wright, supra; Railway Co. v. Fuller Combing Gin Co., 2 Hig., 343, 9 Ency. of Evidence, 885.

We do not attach any importance to West's declaration that Moss was driving the car for him, as such declaration is entirely consonant with the theory that Moss was an independent contractor. For instance, should the writer of this opinion contract with Smith to erect a house for ten thousand dollars, and should another casually ask, ''Is Smith erecting this house for you?'' To which I replied, ''Yes.'' Such statement would not mean that he was my agent. He could erect the house for me as an independent contractor, which relation would entirely depend upon the actual contract.

It results that all the assignments of error are overruled and the judgments must be affirmed. The cost of the appeal is adjudged against plaintiffs in error and the sureties on their appeal bond. The cost of the lower court will remain as adjudged by the trial court, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.