(No. 5559.   March 5, 1931.)

FRANCES MAGEE, Administratrix of the Estate of JAMES M. MAGEE, Deceased, Appellant, v. HARGROVE MOTOR COMPANY, a Corporation, Respondent.

[296 Pac. 774.]

James Harris and George Donart, for Appellant.

Ed. R. Coulter, for Respondent.

BUDGE, J.—A. T. Malicote was an automobile salesman of cars owned by the Hargrove Motor Company, working on a commission basis—being paid a percentage on each sale he made. He had not been given instructions as to what he was expected to do with respect to selling cars, as to when or where he was to take out cars; the matter of his use of cars for demonstration purposes, as to when and where he took them and whom he would permit to ride with him being left to his discretion.

On Sunday morning, September 23, 1928, an acquaintance of Malicote's suggested they go on a hunting trip, condi-

tioned upon Malicote's securing a car in which to transport the party. That afternoon, in a car belonging to the motor company and driven by Malicote, he and two companions set out. Some distance out of Weiser they met J. M. Magee, who was riding a horse. Magee inquired where they were going, and on being told they were intending to proceed on up the road to shoot doves, Magee said that if they would not be gone too long he would go with them. One of the men in the car said he had to be back by "six-thirty," whereupon Magee entered the car, which proceeded on up the road. After going about three miles the car was stopped for a few minutes, turned around and started on the return trip. As it came to a curve in the road, going downgrade, the car went off the road and turned over, and as a result of injuries then sustained Magee died.

This action was instituted by the widow of Magee against Malicote and the Hargrove Motor Company to recover damages on account of Magee's death. The theory on which recovery was sought against the two defendants was that Magee had entered the car and rode therein at the invitation of Malicote, alleged by the complaint to be an agent and servant of the Hargrove Motor Company, acting within the scope of his employment at the time of the accident, said to have occurred as a result of the careless and negligent driving of the car by Malicote, and that Malicote and the motor company were liable in damages for such negligence, the company's liability being predicated upon the doctrine of *respondeat superior*.

At the conclusion of the introduction of testimony on behalf of plaintiff the trial court granted defendant company's motion for nonsuit. Defendant Malicote did not introduce any evidence, and the jury returned a verdict against him. The plaintiff has appealed from the judgment in so far as it affects the action of the trial court in granting defendant company's motion for nonsuit and dismissing the action against it.

The motion for nonsuit was made and granted as conforming to the provisions of C. S., sec. 6830, subd. 5,

providing that a judgment of nonsuit may be entered by the court, upon motion of the defendant when, upon the trial, the plaintiff fails to prove a sufficient case for the jury. The ground of the motion no doubt was intended to be that the evidence was insufficient to entitle plaintiff to recover against the defendant company under the allegations of her complaint. The motion did not point out the particulars wherein the evidence was insufficient, as this court has held is a requisite of a motion for nonsuit when insufficiency of the evidence is relied on. (*Mole v. Payne*, 39 Ida. 247, 227 Pac. 23; *Coulson v. Aberdeen-Springfield Canal Co.*, 39 Ida. 320, 325, 227 Pac. 29; *Idaho Mercantile Co. v. Kalanquin*, 7 Ida. 295, 62 Pac. 925.) However, appellant does not complain of the motion being in too general terms, and it is apparent from the argument in the briefs that it was understood to be addressed to the sufficiency of the evidence to show that at the time of the accident Malicote was an agent or servant of the motor company acting within the scope of his employment. If the record bears out the conclusion of the trial court it would serve no useful purpose to reverse the judgment on account of technical defect in the motion for nonsuit, as there is doubtless in the transcript as much evidence as the plaintiff could expect to produce of liability on the part of the defendant motor company.

Generally speaking, the owner of an automobile can be held responsible for its negligent operation by another only when, at the time of the accident, the relationship of principal and agent or of master and servant existed between the owner and the operator, and the agent or servant was at that time acting in furtherance of the owner's business. (Annotations, 42 A. L. R. 899; 22 A. L. R. 1397; 17 A. L. R. 621; *Baldwin v. Singer Sewing Mach. Co*, 49 Ida. 231, 287 Pac. 944.) Thus, if it be shown that the person driving the car was at the time of the accident an independent contractor, or an agent or servant of the owner but using the car for his own business or pleasure, the owner is not subjected to liability. (22 A. L. R. 1400; 2 Blashfield's Cyclopedia of Automobile Law, p. 1320, sec. 5, p. 1391, sec. 23,

p. 1419, sec. 32; 17 A. L. R. 621 et seq.; *Potchasky v. Marshall*, 211 App. Div. 236, 207 N. Y. Supp. 562; *Stauffer v. Schilpin*, 167 Minn. 301, 208 N. W. 1004; *Barton v. Studebaker Corp.*, 46 Cal. App. 707, 189 Pac. 1025; *Premier Motor Mfg. Co. v. Tilford*, 61 Ind. App. 164, 111 N. E. 645; *Goodrich v. Musgrave Fence & Auto Co.*, 154 Iowa, 637, 135 N. W. 58.)

Plaintiff's proof affirmatively shows that the driver of the car in which plaintiff's intestate was injured was a salesman of automobiles owned by defendant company working on commission, being paid a percentage on each sale he made. He was not limited by his engagement with the company in his manner of prosecuting that work, as to when or where he could go, and it was left to his discretion as to when and where he took out cars of the company for demonstration purposes. These facts are such as have been held in the cases cited *supra*, to establish such a person to be an independent contractor, for whose negligence the owner of a car by which an injury is sustained is not responsible.

If the view be taken that the driver of the car in the instant case was an agent or servant of the defendant company for whose acts the company might be answerable, it is clearly shown that at the time of the accident he was in nowise engaged in furtherance of the master's business but was using the car on a purely pleasure trip. The day was Sunday, a hunting trip was suggested and Malicote agreed to furnish the car. The party set out with guns and started out of town in the direction they had gone other times to shoot doves. When they met the deceased he was told the nature of the outing and decided to participate in the fun. Not a word or intimation about the sale of any car, but positive and convincing evidence of a party entirely pleasure-bent.

Any presumption that might attach that the driver was an agent or servant of the owner of the car is overcome by plaintiff's own evidence. (*Potchasky v. Marshall, supra*.) Such an inference does not require that

every case shall go to the jury, where the undisputed and uncontroverted evidence establishes the facts so conclusively that the inference is overcome. (*Curry v. Bickley,* 196 Iowa, 827, 195 N. W. 617.) And such presumption may be rebutted and overcome by evidence adduced during the trial by the testimony of any of the parties to the suit. (*International Co. v. Clark,* 147 Md. 34, 127 Atl. 647.) The plaintiff has the burden of proof in maintaining the affirmative of the issue throughout or on the whole case, and the presumption does not shift the burden. (2 Jones' Commentaries on Evidence, 2d ed., p. 859, sec. 483.) If upon all the facts the case is left in equipoise, the party affirming must fail. (*First Nat. Bank v. Ford,* 30 Wyo. 110, 31 A. L. R. 1441, 216 Pac. 691.) The principle is analogous in cases involving contributory negligence, where, although the general rule requires contributory negligence to be specially pleaded, with the burden of proof on the defendant, if plaintiff's own evidence clearly discloses contributory negligence on his part, it operates to defeat his case and may be availed of by motion for nonsuit, or instructed verdict for defendant, there being no issue of fact for the jury. (*Dale v. Jaeger,* 44 Ida. 576, 258 Pac. 1081; 45 C. J. 1117, sec. 694; 2 Jones' Commentaries on Evidence, 2d ed., p. 949, sec. 523; *Gohn v. Butte Hotel Co.,* (Mont.) 295 Pac. 262.)

The facts brought out by the plaintiff in this case clearly show that the driver of the car was not an agent or servant of the defendant company acting within the scope of his employment at the time of the accident, and it was the duty of the court to declare the one reasonable inference from the facts, as a matter of law, and to act favorably upon the motion for nonsuit for the failure of plaintiff to prove a sufficient case for the jury.

Judgment affirmed; costs to respondent.

Lee, C. J., and Givens and McNaughton, JJ., concur.

Varian, J., deeming himself disqualified, did not participate.