Martin Netzer, Minor, by Catherine Netzer, His Mother and Next Friend, Respondent, v. Isaacson Garage and Motor Sales Company et al. (Defendants Below). Isaacson Garage and Motor Sales Company, Petitioner.

Gen. No. 41,911.

Heard in the third division of this court for the first district at the October term, 1941.

Opinion filed January 7, 1942.

ANDREW J. FARRELL, of Chicago, for appellant.

WINSTON, STRAWN & SHAW, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff, a minor, by his mother and next friend, filed his amended complaint in the superior court of Cook county against Isaacson Garage and Motor Sales Company, a corporation, and O. P. Nelson, doing business as O. P. Nelson & Company, to recover damages for personal injuries, and averred that the automobile which caused the injuries was operated by a servant and agent of the defendant, Isaacson Garage and Motor Sales Company, a corporation, and also by a servant and agent of O. P. Nelson. Both defendants answered. For convenience, we will speak of the Isaacson Garage and Motor Sales Company as the corporate defendant and O. P. Nelson as the individual defendant. The corporate defendant, as part of its answer, denied that the automobile was being operated by its servant and agent. The jury returned a verdict finding the individual defendant guilty and assessing plaintiff's damages at the sum of $900, and returned a separate verdict finding the corporate defendant not guilty. On the day the verdicts were returned, the court entered judgments thereon. Plaintiff's motion for a new trial was sustained. The corporate defendant's petition for leave to appeal from the order granting a new trial was allowed.

The accident happened in the city of Chicago about 1:50 p.m. on Saturday, April 15, 1939. Broadway runs in a northerly and southerly direction, as does Clark

street.  Barry and Wellington avenues run in an easterly and westerly direction.  Barry avenue is one block north of Wellington avenue.  An alley runs in a northerly and southerly direction from Wellington avenue to Barry avenue and between Clark street and Broadway paralleling the latter streets.  Vernon Roth was driving a Lafayette automobile north in the alley between Wellington and Barry avenues.  As he was passing a building on the east side of the alley north of Wellington avenue, plaintiff, seven years of age, while proceeding to a vacant lot used as a playground by the children of the neighborhood was struck by the automobile so being driven by Roth.  The boy was knocked down.  He was taken to a hospital.  He was unconscious from 12 to 18 hours.  Blood was coming from his left ear, which was badly torn.  The doctor performed a plastic operation on his ear.  His skull was fractured, the fracture running from the lower part of the forehead back to the occipital bone.  There was a large amount of separation.  He was in the hospital from April 15, 1939 to July 1, 1939, and was kept at home from July 1 until September.  The doctor's bill was $250 and the hospital bills $512.05.  No evidence was introduced by either defendant disputing the nature and extent of the injuries.  The driver of the automobile, Vernon Roth, was employed by the individual defendant on April 15, 1939.  His duties were directed by this individual.  The defendant, O. P. Nelson, instructed him to deliver the automobile to the Isaacson Garage and Motor Sales Company.  Nelson, the individual defendant was in the business of automobile repairing and his shop was located at 3540 N. Clark street.  The garage of the corporate defendant faces on Broadway between Barry and Wellington avenues, and ran back to the alley.  Nelson's automobile repair shop is about six blocks north and one block west of the corporate defendant's place of business.  Nelson did repair work for the

corporate defendant and had been repairing the Lafayette automobile involved in the accident. In the process of delivering the Lafayette automobile, Vernon Roth drove south on Clark street to Wellington, then east on Wellington to the alley and north in the alley. This automobile was owned by defendant corporation. It had been brought to Nelson's place of business on Monday or Tuesday preceding the accident. It was brought there by someone in the employ of the defendant corporation. Men in the employ of the corporate defendant usually drove its cars to and from Nelson's shop. On April 15, 1939, Vernon Roth received an order to deliver the automobile to the corporate defendant's garage. The only instructions he received from Nelson was to deliver the Lafayette car to the Isaacson Garage. He received no instructions from anyone connected with the corporate defendant. Nelson had been doing business with the corporate defendant since 1924. On the Thursday preceding the accident, Harry Burstrom, employed by the corporate defendant, called Nelson on the telephone and asked him if he could return the car to the corporate defendant by Saturday. At the time the telephone call was received, Nelson was repairing two cars belonging to the corporate defendant. One of these cars Nelson personally delivered on Thursday. After Thursday there was no further conversation with anyone connected with the corporate defendant. Vernon Roth was paid by the hour. He was being paid by Nelson for the time spent in taking the automobile to the garage of the corporate defendant. The radiator grille of the automobile was slightly damaged in the accident. Nelson paid the defendant corporation $12.25 for this damage.

The corporate defendant maintains that the trial court should have directed a verdict in its favor because of a failure to prove that the relationship of master and servant existed between it and the driver

of the car at the time of the accident. It also asserts that the driver was not an employee loaned to it by the individual defendant. The corporate defendant also declares that where a bailee is hired to perform service upon a thing bailed, and the bailor does not retain control over the thing bailed, such bailor is not responsible to a third person for the negligent use of the property by the bailee or his servants. Plaintiff insists that it was for the jury to say, under proper instructions, whose servant Roth was at the time of the accident. Plaintiff argues that if there was a bailment it had terminated when the car left Nelson's garage. Roth was either the servant of the individual defendant or of the corporate defendant at the time of the occurrence. The evidence shows without contradiction that at the time of the accident Roth was the servant of Nelson. He was not the servant of the corporate defendant. He was hired by Nelson, paid by Nelson and was under the orders of Nelson. He did not receive any orders from the corporate defendant; nor was he loaned to the corporate defendant by Nelson.

From a careful reading of the testimony and the cases cited we are convinced that no evidence was produced tending to establish that Roth was the servant of the corporate defendant. The court should have directed a verdict for this defendant. We are of the opinion that the court was in error in granting a new trial as to the corporate defendant. For the reasons stated, the order of the superior court of Cook county granting a new trial to plaintiff is reversed as to the corporate defendant and judgment is entered against the plaintiff for costs.

*Order reversed and judgment here for defendant, Isaacson Garage and Motor Sales Company, and against plaintiff for costs.*

HEBEL and KILEY, JJ., concur.