**R. J. REYNOLDS TOBACCO CO. et al. v. NEWBY et al.**

No. 10708.

Circuit Court of Appeals, Ninth Circuit.

Nov. 6, 1944.

E. B. Smith, of Boise, Idaho, and A. L. Merrill and R. D. Merrill, both of Pocatello, Idaho, for appellants.

Glenn A. Coughlan, of Montpelier, Idaho, and B. W. Davis, of Pocatello, Idaho, for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a judgment awarding damages for the wrongful death of one Avenell Newby, who was the wife of appellee George H. Newby and the mother of the two minor children of the couple.

The death of Mrs. Newby followed injuries received when a small panel truck, in which she was riding as a gratuitous passenger, overturned on the highway between Soda Springs and Montpelier, Idaho. The truck was driven by Rulon D. Hair, a traveling salesman in the employ of appellant Reynolds Tobacco Company. Hair was a party defendant below but he did not appeal from the judgment. Appellant Donnelly was district supervisor for the Tobacco Company and Hair's immediate superior.

The amended complaint in the suit alleged that at the time of the accident the truck was being driven by Hair in the pursuit of his employment. It alleged, in the alternative, that Hair was permitted to operate the truck on the public highways, notwithstanding it was known to the Company and to Donnelly that he "was a careless, reckless and incompetent driver of an automobile and was in the habit of hauling guests contrary to instructions." To bring the situation within the terms of the local guest statute the death of Mrs. Newby was alleged to be the result of Hair's recklessness in driving. These allegations were denied by the answer. Around the evidence concerning them revolves the controversy which has brought the case to this court.

We have concluded that the judgment must be reversed because of error in the reception of proof concerning Hair's previous record as a driver and because of the submission of that issue to the jury. We state, preliminarily, our views on the remaining seriously controversial matters for the guidance of court and counsel in the event another trial is had. What follows is, of course, predicated on the assumption that the showing on a second trial will not differ materially from that made on the first.

1. There was evidence to warrant a finding that at the time of the upset Hair was acting in the course of his employment. The motor car involved admittedly belonged to the Tobacco Company. It was loaded with Company merchandise intended for sale or distribution by the driver. The accident happened during business hours in a locality in which Hair customarily worked as a salesman. In two written reports of the incident made to his employer Hair stated that he was on Company business at the time. At the trial his testimony was to the contrary. He then described the journey as being purely a jaunt of his own in which Mrs. Newby was a participant. But in light of the contradictory statements mentioned the question was for the jury. Manion v. Waybright, 59 Idaho 643, 656, 86 P.2d 181.

The presumption of agency arising from the facts recited is, of course, a rebuttable presumption, Manion v. Waybright, supra, and the jury should have been so instructed in the manner requested by appellants' proposed instruction number seven.

2. It was shown by the defense that Hair, in common with other salesmen, was under instructions not to use the truck for any purpose other than in the furtherance of his work and not to permit anyone to ride with him except fellow employees. We think there was substantial evidence of the waiver or abrogation of the rule in Hair's case.

At an earlier time he had had an accident while returning from a visit to a night club in a company truck. On that occasion he had a male guest with him. The accident resulted in the killing of a pedestrian and in Hair's arrest on a criminal charge. The employer was fully advised of the facts of that incident, but Hair's known violation of the rule did not eventuate in his dismissal. His services were retained at Donnelly's suggestion, apparently because he was thought to be a good salesman.

There is evidence that on numerous later occasions women passengers were seen in the car with Hair. From the circumstances in evidence the jury might well believe that his practice in this respect was known to his employer. Donnelly, the district supervisor, was frequently over the territory. Following the accident in which Mrs. Newby was killed Donnelly is reported as having said to Hair, in the presence of witnesses, "Good God, did you have a woman with you again?" Thus it was inferable that Hair's violation of the rule was sufficiently common and notorious to spell a virtual abrogation of it. Manion v. Waybright, supra, 59 Idaho page 646, 86 P.2d 181.

■■ 3. The case is governed by the Idaho guest statute, § 48-901, Idaho Code, 1932, as amended by Laws Idaho 1939, c. 160. The amended statute provides that no person transported in a motor vehicle as a gratuitous passenger shall have a cause for damages against the owner or operator growing out of accident, "unless such accident shall have been intentional on the part of the said owner or operator or caused by his * * * intoxication or his reckless disregard of the rights of others."

The court quoted this statute to the jury and properly instructed them that it governed the case in all its aspects. The term "reckless disregard," as employed in the statute, was defined by the court as meaning "an act destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong, rash; without thought or care for consequences." This definition is substantially in harmony with that approved by the Idaho court. Dawson v. Salt Lake Hdw. Co., Idaho 1943, 136 P.2d 733, 735.

■ The accident occurred on a straight stretch of oiled highway under circumstances indicative of headlong rashness on the part of the driver. Physical conditions or marks on the highway, as described by a member of the state highway patrol, fairly show this. Hair testified that he was crowded off the road by a large truck and that one of his tires blew out upon striking a stone. However, there was disinterested testimony to the effect that no other vehicle save that of Hair was in the immediate vicinity at the time. In addition, Hair's testimony discloses that he knew from previous experience that the car he was driving was difficult to control unless carefully driven. The evidence was sufficient to satisfy the requirements of the statute. Manion v. Waybright, supra; Willi v. Schaefer Hitchcock Co., 53 Idaho 367, 25 P.2d 167.

4. Appellants, in general terms, pleaded contributory negligence on the part of Mrs. Newby. They requested an instruction on that issue which the court declined to give. The issue was not submitted to the jury in any form.

Prior to the adoption of the guest statute, when proof of simple negligence on the part of the driver was enough, it was the rule in Idaho that contributory negligence of a guest, or his failure to register a protest, bars recovery. Dale v. Jaeger, 44 Idaho 576, 258 P. 1081. It is not clear whether, in cases arising under the statute, ordinary contributory negligence of the guest has the same consequence as before. The opinion of the court in Dawson v. Salt Lake Hdw. Co., supra, is said to intimate the contrary.

■ In the present state of the record we think it unnecessary to resolve the question. We are not able to find evidence warranting the submission of the issue to the jury. It is true that Mrs. Newby was shown to have taken two drinks during the evening prior to the accident and one drink at noon of the day of its occurrence. But there was no proof that she was under the influence of liquor at 4:30 in the afternoon, when the accident happened, or at any other time for that matter.

The only evidence concerning the conduct of Mrs. Newby was that related by Hair. There is in his testimony no intimation that the conduct of the passenger was a moving cause of the accident, or that anything the woman did or failed to do in any way contributed to it. As already observed, his story was that his car upset after an oncoming truck crowded him to the

shoulder of the road, at which time, according to his testimony, he was driving at a speed of not more than 40 miles an hour. His remaining testimony on the point appears to preclude the claim of assumption of risk. He explained that the rear end of the panel truck was very heavily loaded and that this condition made the car unusually difficult to control, more so than other cars. The witness had had, he said, previous experience with this characteristic of the vehicle. The existence of this latent and serious hazard, familiar to the operator and stressed as a prime cause of the overturn, was, so far as appears, wholly unknown to the passenger.

■ 5. We turn now to the errors referred to at the outset of the opinion. It was the theory of the complainants that if Hair were shown to have a history of recklessness and incompetence as a driver, and that his employer knew it, recovery against the latter would be permissible even though Hair were found to have been acting beyond the scope of his employment at the time of the accident. This theory the trial court adopted and outlined specifically in its instructions to the jury. We have not considered and think it unnecessary to decide whether, on a proper state of facts, this theory is a valid one.

It was partly in an effort to establish such a history that evidence was offered of the incident already related, in which Hair was involved in the killing of a pedestrian. This incident occurred at Pocatello in April of 1939, more than three years prior to the accident in which Mrs. Newby was fatally hurt. No other instance of negligent driving on Hair's part was substantially brought home to the Company. Nor was any effort made to prove that he bore a reputation for negligence.

Evidence was admitted that in July, 1939, Hair was arrested in Clark County, Idaho, on a charge of reckless driving, and that upon his plea of guilty he was adjudged to pay a fine of $50. An exemplified copy of the judgment in that case was received in evidence, over objection of the defendants. In the record of this judgment the man's name was given as "B. R. Hair." There was no showing that either the employer or Hair's immediate superior, Donnelly, knew of this incident; and knowledge of it on their part was flatly denied. The court admitted the record on the ground that it was one "that did or could give notice" to the employer.

This, we think, was error. Even though it be supposed that the record of the Clark County conviction imparted constructive notice for all purposes, still the name appearing on the face of the record was not that of the employee. In any event the question is not one of constructive notice, but of actual knowledge. Absence of proof on the subject was not supplied by any presumption of knowledge. Nor does due diligence in the supervision of an employee require that an employer maintain a continuous search of the public records in the territory in which the agent operates.

■ If this item of evidence had been excluded, the showing as regards the employee's prior known record would consist of a single incident, and the significance even of that is seriously in dispute. On the side of the employer it was claimed that the Pocatello accident was the result of the negligence of the pedestrian rather than of its driver; but even if the contrary be assumed it can hardly be thought that one instance of negligence is sufficient to brand a driver as careless or incompetent to the degree that his retention in service is thenceforward at the employer's risk. The frailty of this species of proof is notorious. Cf. Olsen v. North Pac. Lbr. Co., C.C., 106 F. 298; Guedon v. Rooney, 160 Or. 621, 87 P.2d 209, 218, 120 A.L.R. 1298; Pittsburgh Rys. Co. v. Thomas, 3 Cir., 174 F. 591. It was error, therefore, to submit to the jury the issue concerning Hair's previous record.

The judgment is reversed and the case remanded with directions to grant a new trial.

DENMAN, Circuit Judge (concurring in the result and in part of the opinion).

The majority opinion recites that (1) the car contained the goods of appellant; (2) that it was in a locality in which appellant's agent customarily worked; (3) that the accident occurred during employee's business hours; and (4) that the car was owned by the appellant. Concerning these four facts, that opinion holds: "The presumption of agency arising from the facts recited is, of course, a rebuttable presumption, Manion v. Waybright, supra, and the jury should have been so instructed in the manner requested by appellants' proposed instruction number seven."

I am unable to find any Idaho case in which any one or all the first three "recited" facts constitute or contribute to consti-

771

772

tute a presumption. Assume a case in which it appears that on a Saturday afternoon a sales agent, having his principal's car so loaded, has been drinking heavily. He meets some companions and concludes that he will drive them in it to the races. Returning from the racetrack he drives at sixty miles an hour enroute to a companion's home, collides with another car, overturning the employer's car, and one of his companions is killed directly in front of the store of a customer to whom he should have been offering goods that afternoon. It is apparent that the presence of the goods in the car, the hour of the accident and its locality, instead of creating a presumption, are entirely irrelevant once it is shown that the car was used with the intent to proceed from the racetrack to the companion's home.

In that case, instead of an instruction that the goods in the car, the time and the locality contributed to a presumption, the employer was entitled to an instruction that once such a purpose of the journey is shown these facts are irrelevant. Whether under the Idaho law the presumption from ownership disappears on the presumption of rebutting evidence, as in New York Life Ins. Co. v. Gamer, 303 U.S. 161, 171, 58 S. Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218, or remains as evidence as in Montana, New York Life Ins. Co. v. Gamer, 9 Cir., 106 F.2d 375, 377, need not be considered.

The appellant asked no instruction relative to the first three recited facts. Its requested instruction was concerned solely with the ownership of the car by appellant. It was:

"You are instructed that there is a presumption that the driver of an automobile is the owner's agent, but this presumption is rebuttable. Thus, if you should find in this case, that the said Rulon D. Hair, at the time of the said accident was using an automobile which was owned by R. J. Reynolds Tobacco Company and L. R. Donnelly, but that the use thereof was not in the furtherance of the business of either of said defendants, but was being used by the said Rulon D. Hair for his own personal business or pleasure, then and in that event the said R. J. Reynolds Tobacco Company and the said L. R. Donnelly would not be liable for any damage caused by the use of said automobile by the said Rulon D. Hair."

There was abundant evidence to rebut the presumption. The sole evidence of the route of the car was that the employee was

returning from a dance at a distant place with the unfortunate lady, to take her to her home. In this the case is squarely within Magee v. Hargrove Motor Co., 50 Idaho 442, 296 P. 774, 775, where the employee was returning with companions from a dove hunting expedition in the employer's car when the accident occurred.

So far as concerns the self-serving statements in the two reports of the employee to appellant that he was on "company business" when the accident occurred, the objection that this was but a conclusion of the witness is of no value. He had not been examined as to whether he erroneously thought, contrary to the Magee case, that he was engaged in the employer's business, because in proceeding to the lady's home he was also directing the car and carrying his employer's goods towards the place where he might sell them, to which place he would go after he had taken the lady home.

Because of this condition of the record I have concurred in the holding that appellant was not entitled to an instructed verdict. With the remainder of the reasoning and holdings of the majority opinion I concur.