Robert PANCAKE, Appellant,

v.

Lindsey T. CULL, Appellee.

Court of Appeals of Kentucky.

Sept. 16, 1960.

James C. Ware, Ware & Ware, Covington, for appellant.

Harry K. Aurandt, Covington, for appellee.

CULLEN, Commissioner.

Lindsey T. Cull recovered judgment upon a jury verdict against Robert Pancake, in the amount of $1,500, for personal injuries sustained when he was struck by an automobile owned by Pancake and being driven by one George Merle. On his motion for an appeal Pancake's principal contention is that he was entitled to a directed verdict, and to judgment notwithstanding the verdict, because as a matter of law Merle was an independent contractor and not Pancake's agent in driving the automobile.

Pancake had arranged with Merle for the latter to reline the brakes on the automobile, at a price of $2 per wheel. Merle was a sort of free lance mechanic, with no established place of business. He undertook to do the work in an alley behind Pancake's place of business. During the course of the work he discovered that it would be necessary to replace one brake drum, and he so notified Pancake, who told him to purchase it and he would pay for it. After completing the job of relining the brakes, including installation of the new drum, Merle drove the automobile to his own home where he left his tools, and on his way back to Pancake's place of business the brakes suddenly failed (apparently as the result of the breach of a seal in a brake cylinder). Merle turned the automobile against the curb in an effort to stop it, and it struck another car parked at the curb, which was raised on a bumper jack and underneath which Cull was working. The latter car was knocked off the jack, thus causing Cull's injuries.

In the great majority of cases involving negligent operation of a car by a garageman or mechanic in connection with the work for which it has been placed in his custody (including operation for testing purposes), the courts have held the owner not liable. This is on the theory that the garageman or mechanic becomes the bailee of the car as an independent contractor, since the owner is concerned only with the results of the work and not with the detailed manner in which it is carried out. Annotation, 35 A.L.R.2d 804. The fact that the mechanic does not have a regular place of business does not change the result, Yearwood v. Peabody, 45 Ga.App. 451, 164 S.E. 901, nor does the fact that the work is done on the premises of the owner of the car, Woodcock v. Sartle, 84 Misc. 488, 146 N.Y.S. 540.

In view of the authorities, it is our opinion that Merle must be considered as a matter of law to have been an independent contractor.

The motion for an appeal is sustained and the judgment is reversed, with directions to enter judgment for the defendant.