Dillard NOLAN, Appellant,

v.

Sam NALLY et al., d/b/a Nally & Boone, Appellees.

Burley HOWARD, Appellant,

v.

Dillard NOLAN, Appellee.

Fred HAGAN, Appellant,

v.

Dillard NOLAN, Appellee.

Court of Appeals of Kentucky.

Jan. 20, 1961.

Cawood Smith and G. E. Reams, Harlan, for Dillard Nolan.

Smith & Shehan, Harlan, for Burley Howard.

Joseph K. Beasley, Harlan, for Fred Hagan.

John P. Sandidge and Woodward, Hobson & Fulton, Louisville, for Nally, Boone and Hamilton.

CLAY, Commissioner.

Plaintiff Nolan brought this suit for personal injuries and automobile damage against defendants Howard, Hagan, Nally, Boone and Hamilton. Howard drove the truck with which the plaintiff collided. Hagan apparently was the owner. Defendants Nally, Boone and Hamilton (comprising a business firm we will hereafter refer to as Nally and Boone) had rented the vehicle on the day of the accident. The claimed liability of all defendants except Howard is based on an alleged agency relationship.

On motion the trial court dismissed the complaint against Nally and Boone. It denied a similar motion made by Hagan. The jury returned a verdict for plaintiff in the amount of $23,000 against Howard and Hagan.

Plaintiff appeals on the grounds (1) the court erroneously directed a verdict for Nally and Boone, and (2) refused to admit evidence of the latter's liability insurance policy. Hagan appeals on the principal ground that he was entitled to a directed verdict. Howard appeals on the grounds the court erred in (1) the admission and exclusion of evidence, (2) denying a directed verdict, and (3) the giving of a certain instruction.

The principal controversy between the plaintiff and all of the defendants, except

the driver of the truck, Howard, is whether or not Howard at the time of the accident was an independent contractor. If so, the trial court properly directed a verdict for Nally and Boone and erroneously failed to direct a verdict for Hagan on the same ground. We will first consider the liability of Hagan, assuming he was the owner of the truck.

Howard operated a garage. Hagan delivered the truck to Howard to do some work on it. While there is a great deal of argument in the briefs about the details of the transaction, Howard agreed to return the truck that evening to the home of Hagan's regular driver (after performing the work and test driving it). Howard completed the work about 5:30 in the afternoon, gave the truck a road test, and left it at his garage while he went home for supper. Returning about an hour later (after dark) he backed the truck onto the highway, intending to deliver it as agreed. While the vehicle was crosswise in the road plaintiff collided with it. Assuming Howard was negligent, the question is whether or not he was at that time the agent of Hagan so that the latter would be liable to the plaintiff under the doctrine of respondeat superior.

■ Reduced to its essentials, we have a situation where a garageman as an incident to or in addition to performing work on a motor vehicle undertakes to return it to the owner. Is he then an independent contractor, which admittedly he was while performing the work and test driving the vehicle, or is he somehow converted into an agent of the owner for this trip?

While there are many factors that may be significant in determining whether a person is a servant or an independent contractor (several of which have no bearing on our problem), the most significant consideration is the control or right of control by the alleged employer of the manner in which the particular enterprise will be carried out. See Sam Horn Motor & Implement Co. v. Gregg, Ky., 279 S.W.2d 755.

When the problem involves the use of a motor vehicle, the question of control concerns the *operation* of the motor vehicle *on the specific trip involved.* See Johnson v. Byrne & Speed Coal Corporation, 271 Ky. 216, 111 S.W.2d 671; Shedd Brown Mfg. Co. v. Tichenor, Ky., 257 S.W.2d 894.

The closest case on the facts in Kentucky is Stamper v. Jesse, 199 Ky. 324, 250 S.W. 1008. There Jesse, the owner of an automobile, engaged Shuck, a garageman, to repair and sell it. The latter came to the owner's home, picked up the car, and on his way back to his place of business an accident occurred. A directed verdict for the owner in a suit by an injured third party was affirmed. The court said, at page 1008 of 250 S.W.:

"Therefore, when Shuck took possession of the car, he was not subject to discharge by Jesse, or to his direction, supervision, or control in any way whatever. On the contrary, he was his own master, with full power to select his own route, fix the speed of the car, and regulate its movement in any way that he saw fit. It follows that Shuck was not Jesse's agent, but was an independent contractor, for whose negligence Jesse was not responsible."

It appears to be the universally accepted rule that when a garageman takes possession of an automobile for the purpose of transporting it *to* his place of business for storage or servicing, the garageman is an independent contractor on that trip. See 18 A.L.R. 974; 35 A.L.R.2d 811. In the great majority of jurisdictions the same rule is applied when the garageman is *returning* the vehicle to the owner. See annotations just cited. In the following cases, which involved substantially the same facts presented here, it was decided the garageman was still an independent contractor when returning the vehicle to the owner. Sams v. Hughes, 99 Ohio App. 199, 105 N.E.2d 460; Simmons v. Beatty, 61 Ga.App. 759, 7 S.E.2d 613; Gatz v. Smith, Tex.Civ.App., 205 S.W.2d 616; Netzer v.

Isaacson Garage & Motor Sales Co., 312 Ill.App. 522, 38 N.E.2d 771; Rogers v. Boyers, 114 W.Va. 107, 170 S.E. 905.

There is one case that reaches a different conclusion. It is Andres v. Cox, 223 Mo. App. 1139, 23 S.W.2d 1066. Therein the St. Louis Court of Appeals apparently took the view that returning the car to the owner was a "mere accommodation" and *unless the garageman customarily performed this service,* he was the servant of the owner. We are not impressed with this reasoning, particularly how a customary practice would change the legal effect of the fact it was still an "accommodation" to the owner. In some of the cases just above cited, it is pointed out that the benefit to the owner occasioned by the service is irrelevant because the significant question is one of control.

It appears to us reasonable to say that picking up and delivering a motor vehicle by a garageman is incidental to the job he will perform as an independent contractor and the independent contractor relationship exists as long as he has exclusive control of the vehicle. An attempt to change the legal effect of the relationship at any given point in the whole transaction by proof of some fact which has no bearing upon such control can lead to nothing but uncertainty and even absurdity.

In the present case the evidence presents issues as to whether the truck was to be delivered (1) as an accommodation, (2) as part of the repair job, or (3) as a customary service. Not one of these questions has any bearing upon the exclusive control of the operation of the truck, which was clearly in the hands of the garageman.

Perhaps under special circumstances the owner may exercise such control of the operation of the vehicle that the garageman loses his character as an independent contractor and assumes the role of a servant. This is not such a case. We think the rule stated in Stamper v. Jesse, 199 Ky. 324, 250 S.W. 1008, which applies when the vehicle is originally picked up, for the spe-

cific reasons stated therein must likewise be applied to its return. See also Pancake v. Cull, Ky., 338 S.W.2d 391.

Under the facts shown in this case Howard was an independent contractor at the time of the accident. Therefore, Howard could not have been acting as the agent for Nally and Boone and the trial court properly directed a verdict for them. For the same reason, a verdict should have been directed for Hagan. It is unnecessary to consider other questions raised on either the appeal of plaintiff or Hagan.

■ The remaining questions arise on Howard's appeal. He contends the trial court erroneously refused him the right to contradict a witness by referring to a former statement made by her. The alleged contradiction involved whether the witness looked out a window or a door of her house. The witness' statement was not contradictory, and even if it had been, it involved such an immaterial matter as to be irrelevant.

■ Howard next contends the court erroneously refused to permit him to testify that about an hour and a half after the accident he discovered a whiskey bottle "around" the plaintiff's automobile. The discovery and the object discovered were too remote in time and evidentiary value to have any relevancy to the cause of the accident.

■ Howard next contends he was entitled to a directed verdict because plaintiff was contributorily negligent as a matter of law. His theory is that plaintiff should have seen the truck blocking the road in time to have avoided the collision or the plaintiff should have somehow maneuvered his automobile past it. Since the plaintiff approached on a curve at night, and there was substantial evidence the truck showed no lights, we cannot say as a matter of law that plaintiff was negligent in failing to see the truck in time or to avoid the accident.

Howard finally contends the court erroneously instructed the jury it was his duty to give warning of the presence of the truck on the highway by sounding his horn if the jury believed it reasonable and necessary. He refers to KRS 189.080 (which requires the sounding of a horn "whenever necessary as a warning of the approach" of a vehicle) as the applicable statute. In our opinion KRS 189.410 and 189.420 justify the instruction. In backing out onto the highway Howard was "approaching a curve." Clearly he had a duty to give some warning that he was blocking the highway at a very dangerous point. We find no merit in this objection to the instructions.

Wherefore, the judgment is affirmed insofar as it adjudicates the rights of Nolan against Howard, Nally, Boone and Hamilton; and is reversed as to defendant Hagan, with directions to enter judgment for defendant Hagan.

WILLIAMS, J., not sitting.